Mary A. Sappington, Respondent, *v.* Missouri Pacific Railroad Company, Appellant.

### May 29, 1883.

1. Pleading — Practice. — An answer is a waiver of all merely formal defects in a petition which states a cause of action.

2. —— Corporations — Estoppel. — A corporation, by its answer and appearance to the merits, is estopped to deny its corporate existence.

3. Negligence — Damages. — Evidence that a fire began on the defendant's land just after the passage of its locomotive and spread to and burned the plaintiff's property on adjoining land, makes a *prima facie* case.

4. —— Burden of Proof. — A *prima facie* case being made, the burden is on the defendant to show that the escape of sparks from the passing locomotive was not the result of its negligence.

5. —— Practice. — A *prima facie* case being made by the plaintiff and the defendant having shown that its locomotive was of the most improved pattern, the question of negligence is for the jury.

6. Instructions — Practice. — A cause will not be reversed for omission or defects in an instruction if they are supplied or corrected in other instructions, and the instructions given are fair, consistent, and not misleading.

Appeal from the St. Louis County Circuit Court, Edwards, J.

*Affirmed.*

H. S. Priest, for the appellant.

J. H. Hawken, for the respondent.

Bakewell, J., delivered the opinion of the court.

Plaintiff alleges in her petition " that she is a freeholder owning lands in the county of St. Louis, and that defendant is, and was on September 5, 1881, a corporation owning and operating railroads under an act of the General Assembly of the State of Missouri, entitled an act to incorporate the Pacific Railroad Company, approved March 12, 1849, and subsequent acts amendatory thereto. That the line of defendant's road forms the southern boundary of her lands; That, on said 5th of September, defendant, whilst running

its cars upon said railroad, the locomotive attached to and drawing said cars was so carelesslyand negligently managed by defendant, its officers and agents, that fire was allowed to escape therefrom upon the right of way of defendant; that said right of way was so carelessly and negligently managed and maintained that said fire was communicated to the lands of plaintiff, causing great destruction and damage to the property, to wit: 320 fence rails, valued at $6 per hundred, aggregating the sum of $19.40; also, a complete set of oak timbers, framed for a large barn of the value of $175." The petition concluded in the usual manner. The answer is a general denial. There was a verdict and judgment for the amount claimed.

1. The defendant at the trial objected to the introduction of any evidence, on the ground that the petition does not state facts sufficient to constitute a cause of action, and because its allegations are too vague and uncertain. We think that the objection was properly overruled. It is enough that the substantial averments are there. All formal defects are waived, when defendant fails to demur and answers over. The petition is inartificial. It is objected that it nowhere alleges in direct and positive terms that the property destroyed was the property of plaintiff. But we will not, after a trial on the merits, turn the plaintiff out of court because the word " the " in a petition is written instead of " her," when there has been no demurrer, and the meaning of the pleader is obvious, and there has been no surprise, and defendant has not been prejudiced. As to the objection to the allegation as to the management of defendant's right of way, that it is the statement of evidence, or of a conclusion of law, and not of a fact, we see nothing in it.

2. It is objected that the incorporation of defendant is denied by the answer, and that it was not proved on the trial. Defendant having appealed and answered, is estopped to deny its own existence. *Witthouse* v. *Railroad Co.* 64 Mo. 523. If it claims that it is improperly sued as the

"Missouri Pacific Railroad Company," and that its name is that under which it was originally incorporated, as set out in the petition, it should have set this up in answer, and, at the same time averred its real name.

3. The plaintiff introduced evidence tending to show that the property destroyed consisted of fencing on her farm adjoining the railroad company's fence, and the timbers of a barn on her premises, blown down before the fire, and that it was of the value stated in the petition, and was in her possession at the time of the fire; that the fire originated on the defendant's right of way; spread then to Ead's property, and thence to that of plaintiff, at a distance of two hundred yards from the track; that the defendant's right of way had been mowed a month before the fire, and that the grass and weeds had been left there to dry just as they fell; and that the fire burst out on defendant's right of way in this dry stuff just after a locomotive of defendant's passed; and that no grass or rubbish had been thrown from plaintiff's premises on to defendant's right of way.

On behalf of defendant, the engineer of the train which passed just before the fire, testified as to his skill and competency, and that the fireman of the locomotive in question was also skillful and competent; that they ran the engine carefully past plaintiff's place at the time spoken of by plaintiff's witnesses; and that the smoke stack and smoke arrester on the engine at the time were the best known in use to prevent the escape of fire. The smoke stack inspector of defendant testified that the engine in question was examined by him, and that the smoke stack and appliances for preventing the escape of fire were in good order, both just before and just after the fire in question. The section foreman of defendant testified that large quantities of dry grass, weeds, and brush had been thrown on defendant's right of way from adjoining lands, and that the fire started in these weeds, burned defendant's fence, and spread thence to the adjoining lands.

The court refused an instruction asked by defendant, in the nature of a demurrer to the evidence.

The court, at the instance of plaintiff, instructed the jury that " if they believe that fire was set out by the engine of defendant, and further believe that rubbish and dry grass was permitted by defendant to accumulate and remain upon their right of way, they shall find for plaintiff, unless the evidence has also shown that plaintiff's negligence equally contributed to the origin of the fire, or that defendant was then using the best appliances known to prevent the escape of fire from its engine."

At the instance of defendant, the court instructed the jury: " That if the evidence has shown the defendant's locomotive, complained of in this case, was in good repair, and supplied with the best appliances to prevent the escape of fire then known to be in use, and that it was at the time in charge of competent and careful men, who were exercising care and caution at the time, then the plaintiff must show other and further acts of actual negligence on the part of defendant;" and: " If the evidence has shown that plaintiff permitted dry grass and weeds to accumulate and remain on her land adjacent or adjoining defendant's right of way, and that this was an inducement as to the origin and spread of the fire, then plaintiff was guilty of such contributory negligence as to equal the negligence of defendant in allowing dry grass and weeds to accumulate and remain on its right of way, and if this has been proven to the satisfaction of the jury, there can be no recovery."

The court also gave an instruction, of its own motion, which is not set out.

The evidence that fire burst out amongst dry grass on defendant's right of way, just after the locomotive of defendant had passed along, was sufficient to warrant the inference that this fire was communicated by sparks from the locomotive. This, and proof that the fire spread to the adjoining

property of the plaintiff, made out a *prima facie* case against the company, and threw upon them the burden of proof to show that the escape of sparks was not the result of negligence on their part. To this end it was competent to show that the engine and machinery were of the most improved pattern and make, and managed carefully at the time by competent and skillful servants. But if the sparks escape through the most approved arrester, and careful and competent servants are employed, the inference that this escape of sparks is to be attributed to carelessness in the management of the train, is a fair and reasonable inference. *Kenney* v. *Railroad Co.*, 70 Mo. 243. And, though the servants of defendant swear that the machinery was perfect, and of the most improved pattern, and that they were competent and careful at the time, the jury may take into consideratiom the physical facts of the case, and are not bound to accept this testimony as conclusive, merely because it is not directly contradicted by other witnesses ; and, if the jury find for plaintiff, and the plaintiff has made out a *prima facie* case, and the case was fairly put to the jury, and the trial court has refused to interfere, the appellate court ought not to disturb the judgment as unsupported by evidence. The jury is not bound to believe, contrary to their own experience, that sparks from an engine in perfect order, of the most improved pattern, will escape from a passing engine, without any negligence or incompetence on the part of the fireman or engineer, so as to set fire to neighboring property, merely because the fireman and engineer swear that they were careful and competent, and because officers of defendant testify that the machinery was of the best kind, and in good order. Where sparks have escaped, and a fire, commencing with plaintiff's property, has ensued in consequence, the matter is for the jury. *Brown* v. *Railroad Co.*, 13 Mo. App. 462.

4. It is contended that the instruction given for plaintiff was bad, in this respect, that it did not require the jury to

find that the fire from the locomotive set the grass on fire, and that it speaks of " the best appliances known " and not the best appliances known and in use at the time of the accident. But, in view of the testimony and the instructions given for defendant, we do not think that this instruction, though carelessly drawn, was calculated to mislead the jury. An instruction given by the court of its own motion, is omitted from the record. If defects or omissions in one instruction are supplied in another and the instructions are consistent, and not misleading, and the instructions, taken as a whole, fairly put the case to the jury, there is no reversible error in the instructions. *Whalen* v. *Railroad Co.*, 60 Mo. 323. The instruction complained of was defective; but we can not see that it was misleading, in view of the evidence in the case, and the fact that all the instructions are not before us.

We think the judgment should be affirmed. It is so ordered. All the judges concur.