### Lake Erie & Western R. R. Co. v. L. S. Holderman.

1. RAILROAD COMPANIES—*Damage from Fire.*—Proof that a fire was set by sparks from an engine is *prima facie* evidence of negligence on the part of a railroad company.

2. PLEADINGS—*Special Damage.*—Under an allegation "damage to meadow land" it is competent for the purpose of showing such damage to permit witnesses to state the difference in yield between the portion of the meadow burned and the portion not burned.

**Memorandum.**—Action against a railroad company for damage by fire. In the Circuit Court of Ford County; the Hon. ALFRED SAMPLE, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed October 29, 1894.

CLOUD & KERR, attorneys for appellant; W. E. HACKE-DORN, general attorney, of counsel.

COOK & MOFFETT and J. H. MOFFETT, attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

The jury awarded $700 to appellee for the destruction of his pasture, hedge, hay and derrick, and damage to his

L. E. & W. R. R. Co. v. Holderman.

meadow land, by fire, alleged to have been set by sparks from a locomotive engine of appellant, on the afternoon of October 13, 1892, and the court refused to grant a new trial. From the judgment on the finding, defendant appealed.

The jury were doubtless satisfied from the evidence that the fire was caused as alleged. That fact is, by the statute, made " full *prima facie* evidence " of negligence on the part of the railroad company. L. E. & St. L. Consolidated Ry. Co. v. Spencer, 149 Ill. 97. Defendant introduced proof tending to show that the locomotive in question and the appliances used to prevent the emission of sparks, in construction and condition, were all that the law or diligence required, and were handled by those in charge with all due care. It can not be claimed, however, that it was conclusive, of itself, nor denied that there was some tending to show the contrary, especially as to the handling. On which side was the preponderance, was for the jury to determine, and on this question defendant had the benefit of instructions that were full, clear and strong. If, from the facts testified to without contradiction—that two fires, within half a mile, appeared on plaintiff's land almost immediately after the train passed, and that on the next day cinders were found there which appeared to be fresh—the jury believed that the fire was set as charged, they could have no confidence in the opinion of witnesses, responsible for the negligence, if any there was, founded on the construction and condition of the engine and its appliances and the manner in which they were handled, that the cinders could not have escaped from the smoke stack. The statute assumes that with proper appliances and management fire will not so escape, except from special causes, operating on the particular occasion, against which such appliances and management can not sufficiently guard. No such causes appear in this case, and we are not prepared to find, against the verdict and judgment below, that the *prima facie* case for plaintiff was fairly rebutted and overcome.

Several of the rulings on the trial are assigned as errors, but we think none of them sufficient to require a reversal of the judgment.

The statement of the local attorney for defendant, accepted as an affidavit in support of the motion for a continuance, was technically defective in failing to show that the person desired as a witness could ever be produced, and, as we think, substantially so in failing to show due diligence to avoid the mistake or misunderstanding by which Mr. Sage, instead of Mr. Jones, was sent to testify.

It is said plaintiff was allowed, over objection, to testify to the loss of his meadow grass in 1893, which, in its nature, was special damage, and not claimed in the declaration. One of the items alleged was damage to meadow land, and the witness, to show the fact of such damage, and the amount of it, was permitted to state the difference in the yield of 1893, between that portion of the meadow that was burned and of the part not burned, the other conditions being the same as to both. For that purpose we think it was competent. Railroad Co. v. Spencer, cited above. He did not ask and was not allowed to recover specifically for the loss of the grass, but for the injury to the land.

If the proper foundation for the impeachment of defendant's witness, Haggerty, was not laid by correctly fixing the time of his former statement, the objection to the evidence was not put upon that ground. Had it been, it could have been instantly obviated.

It is said it was improper to allow plaintiff to state his recollection of the size of the cinders he found on his land without producing them or accounting for their absence. The familiar rule of evidence referred to does not apply to such matters.

Objection is urged to the use in two of plaintiff's instructions, without explanation, of the term *"prima facie."* It has become sufficiently anglicized and understood to need no translation.

So also, to the phrase " engine or engines," as tending to make the defendant liable in this action for the condition

of others than the only one that figured on the occasion here in question. The plural alternative was certainly useless and, we think, as certainly harmless.

The point of defendant's instruction, No. 9, refused, is assumed throughout the evidence and instructions on both sides, and is so palpable to common sense that no harm could have been done by its refusal.

Finding no material error in the record, the judgment will be affirmed.