## CENTRAL OF GEORGIA RAILWAY COMPANY *v.*
## TRAMMELL & McCOWAN.

1. There was evidence warranting a finding that the plaintiffs' houses were destroyed by fire communicated by sparks emitted from the defendant's engine, and that the defendant was guilty of negligence in the manner in which the engine was equipped and managed at the time when the fire was thus communicated to the houses.

2. Inasmuch as the engine which it was claimed emitted the sparks which set fire to the plaintiffs' houses was clearly identified by the evidence, a charge which instructed the jury that if they did not believe this engine had been identified by the evidence, they might consider evidence as to the management and equipment of other engines of the defendant while running by the plaintiffs' houses and going in the same direction as the engine which it was claimed caused the fire, while not adjusted to the evidence, was not calculated to prejudice the defendant to such an extent as to require that the verdict against it should be set aside.

3. That the verdict for the plaintiffs was for a less amount than that demanded by the evidence does not afford the defendant any just cause of complaint.

4. When independently of the legal presumption arising against a railroad company there is evidence which would warrant a finding against it, it is proper to refuse to charge that this presumption is rebuttable, and that testimony of the employees of the company having this effect, "in the absence of anything to discredit and contradict it, can not be arbitrarily disregarded."

5. In a case of the character disclosed by the present record, it is competent to prove, for the purpose of impeaching a witness who has testified that the fire was caused by other agencies than the railroad company, that on the night upon which the fire occurred he expressed a decided conviction that the fire was caused by the railroad company.

6. The propositions announced in the foregoing notes dispose of all the material questions involved in the present case. The requests to charge which are not dealt with above were covered by the general charge, and there was no error requiring the granting of a new trial.

Argued November 15, — Decided December 11, 1901.

Action for damages. Before Judge Clark. City court of Forsyth. August 5, 1901.

*Hall & Boynton, Cabaniss & Willingham,* and *E. G. Cabaniss Jr.,* for plaintiff in error, cited: 90 *Ga.* 663; 101 *Ga.* 747; Id. 753; 108 *Ga.* 165; 111 *Ga.* 815; 112 *Ga.* 471; 114 *Ga.* 159; 7 Am. & Eng. R. Cas. 501; Id. 505; 13 Am. & Eng. R. Cas. 476; 37 N. W. Rep. 722.

*Guerry & Hall* and *J. B. Williamson,* contra, cited: 113 *Ga.* 335.

COBB, J. Trammell & McCowan brought suit to recover from the railroad company as damages the value of certain buildings

owned by the plaintiffs, which it was alleged had been set fire to and destroyed by sparks escaping from one of the defendant's engines. A verdict was returned in favor of the plaintiffs for $4,-566.70, and the defendant's motion for a new trial having been overruled, it excepted. It appears from the record that this is the second verdict which has been returned in favor of the plaintiffs against the defendant, the first verdict having been set aside by the trial judge and a new trial ordered.

1. Error is assigned in the bill of exceptions upon the allowance of an amendment to the plaintiffs' petition. This objection can not be considered, as no exceptions pendente lite were filed, and the main bill of exceptions was not tendered in time to raise this question. One of the grounds of the motion for a new trial also complains of the allowance of this amendment; but this ground of the motion for a new trial can not be considered, for the reason that the amendment was at a term of the court preceding that at which the trial was had, even if such a question could be in any case properly raised in a motion for a new trial. Other exceptions taken in the bill of exceptions, to the refusal of the court to grant a nonsuit and direct a verdict for the defendant, also come too late; but as the motion for a new trial complains that the verdict is contrary to the evidence, the question as to the sufficiency of the evidence is thus properly brought up for review.

The evidence warranted the verdict. It was claimed that a cottonseed-house belonging to the plaintiffs was set on fire by sparks emitted from the defendant's locomotive, and that the fire was communicated from this house to other houses belonging to the plaintiffs situated near the cottonseed-house. The evidence on this point was entirely circumstantial, but there was evidence showing that the cottonseed-house was located near enough to the railroad-track to have been set fire to from the sparks of a passing train; that no fire had been in the house on the day of the night upon which the house was burned; that it had not rained for about a month, and that consequently it was very dry; that the house was seen on fire a few minutes after one of the defendant's trains had passed along the track; and that the engine of this train had emitted sparks as it passed the seed-house. This evidence, in connection with other circumstances about which there was testimony, as to the direction in which the wind was blowing and the part of the building

which was first set on fire, was sufficient to authorize a finding that the fire was communicated to the seed-house from sparks emitted from the defendant's engine.    On the subject of negligence, while the testimony for the defendant tended to establish that the locomotive in question was equipped with a proper spark-arrester, in good working order, and that no sparks were in fact emitted as the train passed the seed-house, there was evidence that, if sparks were emitted and if fire was communicated to the seed-house by means of these sparks, the engine either could not, on account of the distance and location of the seed-house, have been equipped with such a spark-arrester as proper care would require the defendant to have, or that it could not have been in good working order at the time and place in question.    It was further shown that, for some distance both above and below the station at which the seed-house was located, the railroad-track was down grade, and that it was customary for the engineer, when he reached this grade, to shut off steam and allow the train to run down grade by force of its own momentum, and that it was not necessary to "put on steam" unless the train was behind time and it was desired to run very fast, which was not the case on the night of the fire, and that if the steam had been shut off it would have been impossible for any sparks to be emitted from the engine.    The defendant's witnesses testified that this was done on the night on which the plaintiffs' houses were burned, but as there was positive evidence that the sparks could not have been thrown out unless the train had been "working steam," and as the jury were warranted in finding that the house was actually set fire to by the sparks from the locomotive, they were further warranted in assuming that the emission of the sparks was, under the circumstances, unnecessary and negligent.    On its facts the case is controlled by the decision in *Southern Railway Co.* v. *Williams*, 113 *Ga.* 335, and is distinguishable from *G., J. & S. R. Co.* v. *Edmondson*, 101 *Ga.* 747, and *Southern Ry. Co.* v. *Myers*, 108 *Ga.* 166, in that in neither of those two cases was it shown that the defendant was negligent.    The judgment overruling the motion for a new trial must therefore be affirmed, unless some error of law was committed which required the granting of a new trial.

2. Complaint is made that the court erred in charging the jury, in effect, that they might consider the manner in which other en-

gines of the defendant were operated and handled at or near the plaintiffs' seed-house while going in the same direction as the engine of the train described in the petition and being used in a manner similar to that in which this engine was used. In this connection the judge instructed the jury, substantially, that the foregoing instruction would be applicable only in the event they found that the locomotive of the train which it was claimed set out the fire was not sufficiently identified by the evidence in the case, and that if the evidence showed which engine it was claimed set out the fire, they could consider only evidence which related to the equipment and management of this particular engine. The plaintiffs in their petition as amended had alleged that the number of the engine which threw out the sparks which set fire to the seed-house was unknown to them. The evidence for the defendant showed that the number of this engine was 1584; and while the engine seems to have been clearly identified, and while in consequence of this fact evidence as to the condition of other engines of the defendant was irrelevant and immaterial, we can not say that the charges complained of required the granting of a new trial. We do not think the charge was calculated to injure the defense to such an extent as to require that the verdict be set aside. A charge to the jury that if they believed certain evidence, which they must necessarily have believed, they should not consider certain other evidence, will not, unless there is reason to apprehend that the verdict was influenced by it, require a reversal of the judgment refusing to grant a new trial. Viewing the charge and the evidence as a whole, we do not think the charge complained of was calculated to prejudice the defendant in any way.

3. Complaint is further made in the motion for a new trial that the verdict is contrary to evidence, because, if the plaintiffs were entitled to recover at all, the evidence demanded a finding for a larger sum than that for which the verdict was rendered. We know of no principle upon which a defendant can complain that a verdict for a less amount than that demanded by the evidence was returned against him.

4. Exception is further taken to the refusal of the court to charge the jury that the presumption which arose against the company was subject to be rebutted; that when this had been done by the uncontradicted testimony of the employees of the company, a ver-

dict finding against the company would be contrary to law; and that "the testimony of employees of a railroad company, in the absence of anything to discredit and contradict it, can not be arbitrarily disregarded." The request so to charge was evidently predicated on the assumption that the plaintiffs had nothing but the legal presumption against the company to rely on; and inasmuch as there was evidence, independently of this presumption, which warranted a finding in their favor, the request was properly refused. To have complied with it would have been equivalent to directing a verdict in favor of the defendant.

5. Error is assigned upon the admission of the testimony of Hill, a witness for the plaintiffs, to the effect that Davis, a witness for the defendant, had said, on the night of the fire, "There is no doubt but what the Central Railroad burnt it." Davis testified on the trial to facts which tended to show that the locomotive did not cause the fire. He was asked if he did not state on the night of the fire that the house was fired by the railroad company, and replied that he did not. The testimony quoted above was offered for the purpose of impeaching Davis. We think it was admissible for this purpose. It tended to contradict Davis in a matter relevant to the issue on trial. Of course proof of the previous statement did not necessarily show that his statement at the trial was false; but we think the jury should have been allowed to consider the evidence that he had, on a former occasion, expressed a very decided conviction, whether it was founded on sufficient reasons or not, that the fire was caused by sparks from the defendant's engine.

6. The foregoing discussion disposes substantially of all of the assignments of error. The requests to charge which are not specially dealt with above were covered by the general charge, and the evidence warranted the verdict.

*Judgment affirmed. All the Justices concurring.*