Argued December 10, 1908, decided January 19, 1909.

## CHENOWETH v. SOUTHERN PAC. CO.

[99 Pac. 86.]

RAILROADS—FIRES—EVIDENCE—PRIMA FACIE CASE.

1. Evidence that the fire which destroyed plaintiff's property was caused by sparks emitted from a passing engine operated by defendant is sufficient to establish a *prima facie* case of defendant's negligence.

RAILROADS—FIRES—NEGLIGENCE—QUESTION FOR JURY.

2. Where, in an action for the destruction of plaintiff's property by fire set out by defendant railroad company, plaintiff establishes a *prima facie* case of negligence, and there is direct evidence on defendant's part as to its care and diligence, it is the court's duty to submit the question to the jury, unless defendant's evidence is such that a verdict for plaintiff could not be sustained, if returned.

RAILROADS—FIRES—NEGLIGENCE—QUESTION FOR JURY.

3. In an action for the destruction of plaintiff's property by fire set out by defendant's engines, evidence *held* to require submission of the question of defendant's negligence to the jury.

RAILROADS—FIRES—EVIDENCE—SCATTERING SPARKS.

4. Evidence that defendant's engines just prior or subsequent to the fire scattered sparks is not sufficient to impute negligence.

RAILROADS—FIRES—EVIDENCE.

5. Proof of fires caused by other engines in the vicinity of the fire in question and about that time is an element tending to strengthen the presumption of negligence in equipping and operating defendant's engines generally.

RAILROADS—FIRES—PRESUMPTIONS OF NEGLIGENCE.

6. Where plaintiff's right to recover for the destruction of his property by fire set out by defendant railroad company depends on the presumption of negligence arising from the fact that the fire started from defendant's engines, and the jury finds that defendant actually used ·the most approved appliances to prevent the escape of fire, or exercised reasonable diligence to obtain and use them, and they were in good repair at that time, and the engines were carefully operated, such proof successfully overcomes the presumptions of negligence, and entitles defendant to a verdict, unless there are other circumstances to establish negligence.

RAILROADS—FIRES—BURDEN OF PROOF.

7. In an action against a railroad company for burning plaintiff's property, the burden is on defendant to show want of negligence.

RAILROADS—FIRES—INSTRUCTIONS.

8. The court charged that the presumption of negligence arising from evidence that fire was communicated from defendant's engines was rebuttable, and might be overcome by proof that the engines alleged to have caused the fire were properly constructed, and had the most approved appliances for arresting sparks, and were carefully operated in a skillful manner by competent employees; that defendant was not bound to use the best and most approved appliances, but was bound to exercise reasonable care in obtaining the most approved mechanical engines and appliances to prevent the escape of fire and putting them into practical use; that the gist of the action was negligence, which must be sustained by proof, as defendant could not be liable for unavoidable or unusual consequences of the proper operation of his trains. *Held*, that such instructions could not cover a requested charge that if the jury found defendant's servants, in operating the train in question, acted as reasonably prudent and careful persons having due regard of the rights of others would have acted under the same circumstances, defendant was not negligent in operating the train, and that if defendant actually used on the engine drawing the train the most approved appliances to arrest fire, or had exercised reasonable care and diligence to obtain and use them defendant was not negligent in that respect, and that the refusal of such request was error.

WITNESSES—CREDIBILITY—EVIDENCE.

9. Where defendant's engineers testified that they did not work steam down a certain grade and through a station where plaintiff's property was burned by fire alleged to have been communicated from an engine, they could not be discredited by proof that ten years prior to that time, when witness was in defendant's employ as a brakeman or conductor, it was not customary for trains to shut off and drift down such grade and through the station.

WITNESSES—COMPETENCY—KNOWLEDGE.

10. Where a railroad engine inspector did not inspect the engine in question, he was incompetent to testify as to such inspection from a record alleged to have been made by the employee who did inspect it.

WITNESSES—CROSS-EXAMINATION.

11. Where a witness was not examined in chief as to other fires having been set by defendant's engines, he was not subject to cross-examination with reference thereto.

From Douglas: JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE EAKIN.

This is an appeal from a verdict and judgment in favor of plaintiff, S. J. Chenoweth, for loss of hay by fire, alleged to have been caused by the emission of sparks from engines of defendant, resulting from improper construction and careless and negligent management and operation of said engines. Plaintiff's hay was in a warehouse, within 35 feet of defendant's track, at Wilbur Station. Defendant denies that the fire was caused by its negligence, that its engines were defective in construction, or carelessly or negligently operated, or that by reason thereof large quantities of sparks were emitted or occasioned the fire. Plaintiff established, by the evidence, a state of facts from which the jury might infer that the fire was set by sparks from the engines attached to a freight train passing north a few minutes prior to the discovery of the fire. The railroad track is on a down grade of less than one per cent from the whistling post south of the station and for a half mile beyond, being about 12-100 per cent at the station. There was evidence tending to show that, at a point about one-fourth of a mile south of the warehouse, smoke and sparks were being emitted by the engines; that the engines were running fast—"running right along"—and that the engines were working; that there had been other fires that summer, caused by passing engines, a mile or two north of the station, and on or near the right of way; that there was evidence tending to show that a mile north of the depot the engines of this same train threw sparks 35 feet from the track and set fire to the grass. At this point the track was up-grade, and the engines were working. Defendant produced the testimony of the engineer and fireman on each engine, and of the inspector of engines, tending to prove that the three engines attached to this train were properly and skillfully constructed, with all the late devices for preventing the emission of sparks or the

escape of fire, and were in good repair at that time; and that they were properly and skillfully managed by competent employees. At the close of the testimony defendant requested the court to instruct the jury to return a verdict for defendant, on the ground that plaintiff had not proved a case sufficient to be submitted to the jury, namely, that the presumption of negligence, on defendant's part, arising from the evidence tending to show that the fire had been caused by defendant's engines, had been overcome by the court. A verdict and judgment were rendered for plaintiff, from which defendant appeals.                                    REVERSED.

For appellant there was a brief over the names of *Mr. William D: Fenton* and *Mr. Rufus A. Leiter,* with oral arguments by *Mr. Fenton* and *Mr. Leiter.*

For respondent there was a brief over the names of *Messrs. Fullerton & Orcutt,* with oral arguments by *Mr. Fullerton* and *Mr. Orcutt.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The first contention of defendant is that the court erred in denying defendant's request to direct a verdict in its favor. This request assumes that there was no other evidence of negligence on part of defendant than that presumed from the proof that defendant's engines caused the fire. It is generally recognized by the authorities as sufficient to make a *prima facie* case of negligence against a defendant, when the plaintiff establishes such a state of facts as will justify the jury in finding that the fire was caused by sparks emitted from a passing engine operated by defendant, and, if not overcome by other evidence, will justify a verdict for plaintiff. It is also conceded that if the defendant has adopted the most approved devices for preventing the escape of fire, or has exercised reasonable care and diligence to obtain and use them, and they are carefully managed and operated by skilled employees, such *prima facie* presumption

of negligence arising from the fact that defendant's engines caused the fire will be rebutted. But there is a conflict among the authorities as to the effect of this *prima facie* presumption, some of the courts holding that, even when such presumption is sanctioned or created by statute, only an artificial presumption of fact arises, whose sole object is to cast the burden of proof upon the defendant to show want of negligence, and that, when the burden is shifted, the presumption is *functus officio;* that, when the evidence for defendant has established proper equipment and operation of its engines, this overcomes such presumption; and, if there is no other proof of negligence or want of care on defendant's part, it is a question of law for the court, and it should direct a verdict for the defendant. *Smith* v. *Northern Pac. R. Co.,* 3 N. D. 17 (53 N. W. 173) ; *Olmstead* v. *Railroad,* 27 Utah, 515 (76 Pac. 557) ; *Louisville & Nashville R. Co.* v. *Marbury Lum. Co.,* 125 Ala. 237 (28 South. 438 : 50 L. R. A. 620) ; *Menominee River Sash & Door Co.* v. *Milwaukee & Northern R. Co.,* 91 Wis. 447 (65 N. W. 176) ; *Gainsville, Jefferson & South. R. Co.* v. *Edmondson,* 101 Ga. 747 (29 S. E. 213) ; *Woodward* v. *Chicago, M. & St. P. Ry. Co.,* 145 Fed. 577 (75 C. C. A. 591).

2. The holding of many other courts is to the effect that a *prima facie* case of negligence, made by plaintiff standing on the one side of the issue, and the direct evidence of the defendant, as to its care and diligence, upon the other, it is the duty of the court to submit such conflict to the jury. *Atchison, T. & Santa Fe Ry. Co.* v. *Geiser,* 68 Kan. 281 (75 Pac. 68: 1 Am. & Eng. Ann. Cas. 812) ; *Hemmi* v. *Chicago G. W. Ry. Co.,* 102 Iowa, 28 (70 N. W. 746) ; *Great North. Ry. Co.* v. *Coats,* 115 Fed. 452 (53 C. C. A. 382) ; *McCullen* v. *Chicago & N. W. Ry. Co.,* 101 Fed. 66 (41 C. C. A. 365: 49 L. R. A. 642) ; *Central Ry. Co.* v. *Trammell,* 114 Ga. 312 (40 S. E. 259) ; *Southern Ry. Co.* v. *Williams,* 113 Ga.

335 (38 S. E. 744) ; *Karsen* v. *M. & St. Paul Ry. Co.,*
29 Minn. 12 (11 N. W. 122) ; *Kenney* v. *Hannibal & St.
Joseph Ry. Co.,* 80 Mo. 573; 2 Thompson, Neg., 2287,
2290.

The *Atchison, T. & Santa Fe Ry. Co.* v. *Geiser,* 68 ·
Kan. 281 (75 Pac. 68), is well annotated in 1 Am. &
Eng. Ann. Cas. 812, upon this question sustaining the
opinion in that case. The theory of these latter cases
is that it is a question for the jury to say whether or
not the defendant has succeeded in rebutting the *prima
facie* presumption of negligence raised by the fact of
the communication of the fire by an engine of defendant.
2 Thompson, Neg., 2287; *Sappington* v. *Missouri Pac.
R. Co.,* 14 Mo. App. 86. If there is no other evidence
tending to establish the negligence of defendant than
the presumption above referred to, and the testimony
of defendant's witnesses is full and complete as to the
proper construction, good equipment, and repair of the
engine, and satisfactory character of the management·
and operation thereof by competent employees, this is
sufficient to justify the jury in finding for the defendant;
and, if it is so conclusive that an opposite finding would
not be sustainable, then, of course, it becomes a matter
of law for the court, and it should direct the verdict.
As said by Mr. Justice LORD, in *Koontz* v. *Oregon R. & N.
Co.,* 20 Or. 3, 36 (23 Pac. 820, 827), when considering
this identical question: "When a court is asked to declare
a fact established as a matter of law, the evidence ought
to so completely and irrefutably establish the fact as
to free the mind from all doubt and hesitation." Judge
SANBORN, in *Woodward* v. *Chicago, M. & St. P. Ry. Co.,*
145 Fed. 585 (75 C. C. A. 594), says: "If the proper
employees of the railway company have testified to the
effect that there were no defects in the locomotive, or
that reasonable care had been used to avoid them, and
that the engine was operated with ordinary care and·
skill, and the evidence at the close of the trial is so con-·

clusive that an opposite finding is not sustainable, the statutory presumption has been overcome as a matter of law, and it is the duty of the court to instruct the jury in a fire case from these states, as in other cases, to return a verdict for the railway company."

3. But there may be physical facts tending to strengthen this presumption or the interest of the witness, or the character of his testimony may be such as to materially weaken his testimony, although it is not directly contradicted by any other witness. *Sappington* v. *Missouri Pac. R. Co.*, 14 Mo. App. 86. As said in *McCullen* v. *C. & N. W. Ry. Co.*, 101 Fed. 66 (41 C. C. A. 365: 49 L. R. A. 642) : "A jury is not necessarily bound to accept as conclusive the statement of a witness that an engine was in good order, or carefully and skillfully operated, although there is no direct evidence contradicting the statement. They have a right to consider all the evidence and circumstances bearing upon the condition and mode of operating the engine, as well as the circumstances under which the fire took place. Moreover, if the jury were satisfied, and so found, that the mill was ignited by a spark which came from one of the defendant's locomotives, it may well be that this fact alone would have led them to discredit the statements of the defendant's witnesses concerning the condition of the locomotives and how they were handled. * * We are of the opinion that the correct view is that, when the evidence which is offered by a plaintiff to make out his cause of action creates a presumption of negligence, the case should be submitted to the jury, unless the rebutting evidence is so clear and circumstantial that no reasonable person could doubt its verity."

To the same effect is *Karsen* v. *M. & St. Paul Ry. Co.*, 29 Minn. 12 (11 N. W. 122), and *Greenfield* v. *Chicago & N. W. Ry. Co.*, 83 Iowa, 270 (49 N. W. 95). In *Sappington* v. *Missouri Pac. R. Co.*, 14 Mo. App. 86, upon this subject, the court say: "The jury is not bound

to believe, contrary to their own experience, that sparks from an engine in perfect order, of the most improved pattern, will escape from a passing engine, without any negligence or incompetence on the part of the fireman or engineer, so as to set fire to neighboring property, merely because the fireman and engineer swear that they were careful and competent, and because officers of defendant testify that the machinery was of the best kind and in good order. Where sparks have escaped, and a fire, commencing with plaintiff's property, has ensued in consequence, the matter is for the jury."

In such a case it was also said in *Brown* v. *Missouri Pac. Ry. Co.,* 13 Mo. App. 462, that the jury are entitled to take into consideration the physical facts of the case. Thompson, Negligence, § 2234, very severely criticises the authorities that hold to the contrary, and at section 2289 approves the language quoted above from *Sappington* v. *Missouri Pac. Ry. Co.,* and *Brown* v. *Missouri Pac. Ry. Co.,* as embodying the true theory:

"Which is that where there is, in any case, evidence of negligence to go to the jury and countervailing evidence is offered by the defendant, it is for the jury to say whether the inference of negligence has been rebutted. When the presumption created by proof of the fact of the escape of fire from the locomotive, has been thus rebutted by proof of its proper construction, of its being in proper repair, of its being properly and carefully managed, the plaintiff cannot sustain his action without making other proof of negligence."

And in the next section he says:

"The trial court might well have charged the jury in this case, and in the preceding case, that the imputation of negligence resulting from the communication of the fire from the engine of the defendant was rebutted by evidence that the engine was carefully and skillfully managed and was provided with improved spark arresters; but whether the testimony adduced by the defendant that such were the facts was to be believed was for the jury and not for the court."

However, in this case the evidence at the close of the trial was not so conclusive of a want of negligence as to free the mind from doubt, or that an opposite verdict might not be sustained. There was evidence tending to show that the track was on a down grade toward Wilbur from the whistling post, about a mile south of the station. The engineer and fireman testify that the steam was shut off at the whistling post, and the train allowed to drift past the station by its own momentum, and that it was unnecessary to use steam, and that the engine, when not working steam, will not emit sparks. Yet there was testimony tending to show that within a quarter of a mile from the station the engines were working and emitting sparks; also, that about a mile north of the station, on an up grade, the same engines, a few minutes later, did emit sparks, and actually set fire to the grass beyond the right of way, which tends in some degree to show a fault in the equipment or operation. *Koontz* v. *Oregon Ry. & N. Co.*, 20 Or. 3 (23 Pac. 820) ; *McTavish* v. *Great North. Ry. Co.*, 8 N. D. 333 (79 N. W. 443) ; *Lake Erie & West. R. Co.* v. *Holderman,* 56 Ill. App. 144; *Atchison, T. & Santa Fe Ry. Co.* v. *Geiser,* 68 Kan. 281 (75 Pac. 68) ; *Central Ry. Co.* v. *Trammell,* 114 Ga. 312 (40 S. E. 259) ; *Norris* v. *Baltimore & O. S. W. R. Co.,* 109 Fed. 591 (48 C. C. A. 561).

4. Evidence that the engine, just prior or subsequent to the fire, scattered sparks, is not sufficient to impute negligence. It is only when emitting them in unusual quantities or of unusual size that it has that effect. *Anderson* v. *Oregon R. Co.,* 45 Or. 211 (77 Pac. 119) ; *Farley* v. *Mobile & O. R. Co.,* 149 Ala. 557 (42 South. 747). But here was evidence tending to show a subsequent fire caused by sparks from the same engines some distance from the track. *Smith* v. *Chicago, M. & St. P. Ry. Co.,* 4 S. D. 71 (55 N. W. 717).

5. Also proof of fire caused by other engines in that vicinity and about that time is an element tending to

strengthen the presumption of negligence in equipment. or operation generally (*G. Trunk R. Co.* v. *Richardson,* 91 U. S. 454: 23 L. Ed. 356; *Koontz* v. *Oregon Ry. & N. Co.,* 20 Or. 3: 23 Pac. 820; *Atchison, T. & Santa Fe Ry. Co.* v. *Stanford,* 12 Kan. 354: 15 Am. Rep. 362), and with the other circumstances referred to tends to make an issue for the jury as to whether plaintiff's evidence, tending to establish negligence, has been overcome by defendant's proof of proper equipment and care in operation. Therefore, upon the whole case, it was proper to submit the case to the jury.

6. Another assignment of error relates to the refusal of the court to give the following instruction:

"Even though you find that defendant's engines caused the fire complained of, if you further find from the evidence that defendant's engines were properly constructed, and had the most approved appliances for arresting sparks and cinders, and were carefully operated by skillful and competent employees, then I instruct you that this presumption is overcome, and plaintiff cannot recover without making proof of other negligence or want of ordinary care, as alleged in the complaint, and if you find that plaintiff has failed to introduce such proof, then your verdict must be for the defendant."

We think the requested instruction embodies the law upon that feature. Where plaintiff's case depends upon the presumption of negligence arising from the fact that the fire was ignited by defendant's engines, and the jury finds from the evidence that the defendant actually used on these engines the most approved appliances for the purpose of preventing the escape of sparks or fire, or has exercised reasonable diligence to obtain and use them, and they were in good repair at the time of the fire, and the engines were carefully operated by skillful and competent employees, such evidence successfully overcomes such presumption of negligence, and entitles defendant to a verdict, unless there are other circumstances proved tending to establish negligence.

7. Defendant also requested the court to instruct the jury that:

"If you find from the evidence that the servants of defendant engaged in operating the train in question acted under all the attending and surrounding circumstances as reasonably prudent and careful persons, having due regard to the rights of others, would have acted under the same circumstances, then I instruct you that the defendant was not careless or negligent in operating said train or engines."

And also the following:

"If you, therefore, find from the evidence that the defendant has actually used on the engines drawing this train the most approved appliances for the purpose of preventing sparks or fire from escaping, or has exercised reasonable care and diligence to obtain and use them, then I instruct you defendant was not negligent in said respect."

Both instructions were refused. These, and the former one, we think, contain a fairly correct statement of the law, and should have been given, if not included, in the general instructions. Negligence on the part of the defendant is the basis of plaintiff's right to recover in such a case. The rule in railroad fire cases that casts the burden upon defendant to show want of negligence is an exception to the rule in other cases of negligence, in which plaintiff is required to prove the negligence. 13 Am. & Eng. Enc. Law (2 ed.), 497. And, when defendant establishes by preponderance of the evidence due diligence and care in these particulars, it is not liable for the damages resulting from the fire, although the fire was occasioned by its engines, and the instructions should fairly present to the jury this element of the defense; but, if fairly covered by the instructions given, it was no error to refuse the requests.

8. Instruction No. 7, given by the court, among other things, includes the following:

"This presumption of negligence, if you find from the evidence that the fire causing the damage was communi-

cated from defendant's engine, is a rebuttable presumption, and may be overcome by proof on the part of the defendant that the engine or engines alleged to have been the proximate cause was or were properly constructed and had the most approved appliances for arresting sparks and cinders, and was carefully operated in a skillful manner by competent employees. What is meant by that is that, if you find from the evidence that this fire was caused by sparks being emitted from defendant's engine, then, as I stated to you, there is a disputable presumption raised to the effect that defendant was negligent, and this is for him to overcome by the defendant showing that the engines were properly constructed and managed."

No. 8. "I instruct you that the defendant was not bound to use the best or most approved appliances for the purpose of preventing sparks or fire from escaping from its engines and being communicated to the property of others. It was the duty of the defendant to exercise reasonable care and diligence in obtaining the most approved mechanical inventions and appliances to prevent the escape of fire, and putting such appliances into practicable use."

No. 9. "I further instruct you that in actions of this character the gist of the action is negligence, which must be sustained by proof, and the defendant cannot be held accountable for unavoidable or unusual consequences of the proper operation of its engines and trains."

These instructions given are in accord with defendant's theory of the defense, and probably sufficiently cover the first request, *supra*, but do not include the second and third, as to what constituted reasonably prudent and careful conduct of defendant's employees, such as will free the defendant from the charge of negligence in that regard; nor that the exercise of care and diligence in the particulars named relieves defendant from liability for damages resulting from the escape of fire, under such circumstances. 13 Am. & Eng. Enc. Law (2 ed.), 517c; *Anderson* v. *Oregon R. Co.,* 45 Or. 211 (77 Pac. 119); *St. Louis S. W. Ry. Co. of Texas* v. *Knight,* 20 Tex. Civ. App. 477 (49 S. W. 250; *St. Louis S. W. Ry. Co. of*

*Texas* v. *Connally* (Tex Civ. App.), 93 S. W. 206; *St. Louis & S. F. Ry.* v. *Hoover,* 3 Kan. App. 577 (43 Pac. 854). And these instructions requested by defendant should have been given.

9. Exception was also taken by defendant to the testimony of the witness Hansborough, called by plaintiff in rebuttal, to the effect that 10 years prior to this time, when he was in the employ of defendant as brakeman or conductor, it was not customary to drift through Wilbur down this grade; that they would shut off steam near the top of this hill, and then about opposite this schoolhouse, this side of Wilbur, they would work steam again. The only purpose of this evidence was to discredit the engineers who testified for defendant that they did not work steam down this grade through Wilbur; and it was clearly incompetent. A custom existing years before and having no reference to the engineers on this train could not have that effect.

10. The refusal of the court to permit Huntley, the inspector of engines, to testify as to the inspection of engine No. 2041, being one of the engines attached to this train, was not error. Huntley did not inspect this engine, but sought to testify as to the inspection by another person, as disclosed by a record alleged to have been made by that officer. This was not within his knowledge, nor could the book refresh his memory. *Manchester Assur. Co.* v. *Oregon R. Co.,* 46 Or. 162 (79 Pac. 60: 69 L. R. A. 475: 114 Am. St. Rep. 863).

11. The cross-examination of defendant's witness Harbett as to other fires having been set by defendant's engines was improper. He was not examined upon the matter in chief, but this was probably not prejudicial to defendant, as other witnesses had testified before to the same effect, and there was no testimony to the contrary.

For the errors above assigned the cause will be reversed and remanded for a new trial.    REVERSED.