Argued Sept. 14, decided Oct. 3; rehearing denied Nov. 14, 1911.

## TAFFE v. OREGON R. & N. CO.

[117 Pac. 989.]

RAILROADS—FIRES—ADMISSION OF EVIDENCE—THROWING SPARKS.

1. In an action against a railroad company for damages by fire claimed to have been set out by defendant's engine, evidence was admissible of the scattering of sparks generally by other of defendant's locomotives to show the general care exercised by it in equipping its locomotives; it being easy for it to show if a particular engine differed from the usual type, if that were so.

RAILROADS—FIRES—JURY QUESTION—INSPECTION OF LOCOMOTIVE.

2. Whether the spark-arresting apparatus and the locomotive causing the fire were in good condition at that time *held* a jury question, in an action against a railroad company for damages from the fire.

EVIDENCE—WEIGHT—UNCONTRADICTED EVIDENCE.

3. A jury is not necessarily bound to accept as conclusive the statement of a witness that an engine was in good order or carefully and skillfully

operated, even though there is no direct evidence contradicting the statement.

RAILROADS—FIRES—ACTIONS—BURDEN OF PROOF—NEGLIGENCE.

4. Where a *prima facie* case of negligence in starting a right of way fire is made out against a railroad company, it must rebut the presumption of negligence in using its locomotives, in addition to showing that they were in good condition.

From Wasco:   WILLIAM L. BRADSHAW, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action by I. H. Taffe against the Oregon Railroad & Navigation Company, to recover damages on account of the alleged destruction of plaintiff's cannery and cold storage warehouse by fire, occasioned by sparks emitted from defendant's locomotive.   At the close of plaintiff's testimony, defendant moved for a nonsuit on the ground that no evidence had been submitted sufficient to justify a verdict for plaintiff, which motion was overruled.   After the conclusion of the testimony, defendant moved for a directed verdict, which motion was also denied.   Plaintiff had a verdict for $20,000, and defendant appeals.   Other facts appear in the opinion.

AFFIRMED.

For appellant there was a brief over the names of *Mr. William W. Cotton, Mr. Arthur C. Spencer, Mr. Fred W. Wilson,* and *Mr. W. A. Robbins,* with an oral argument by *Mr. Spencer.*

For respondent there was a brief over the names of *Messrs. Bennett & Sinnott,* with an oral argument by *Mr. Alfred S. Bennett.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

It is difficult to discuss the matters included in the refusal of the court to grant a nonsuit or the motion for a directed verdict without discussing and comparing the testimony generally, and this course would involve incum-

bering the reports with a long detail of facts which would be entirely useless hereafter to the courts, the public, or the persons concerned. We will therefore state briefly the conclusions we have drawn from the testimony and apply the law to these findings.

The fire was discovered near the southeast corner of the cannery, between the hours of half past one and two o'clock in the afternoon of September 10, 1908. When first discovered, it was a small smoking spot, occupying only a few inches, but rapidly spread, destroying the cannery and other buildings northwesterly from the cannery. At a time variously estimated at from ten minutes to a half hour, and probably about fifteen minutes before the discovery of the fire, one of defendant's west-bound trains drawn by a locomotive, burning coal, stopped at the platform, about 150 to 200 feet from where the fire originated; the engine being approximately in a southeasterly direction from the spot where the fire was discovered. About the time this train left, a locomotive, burning wood, of the Portage Railway, operated by the State of Oregon, and having attached to it two loaded cars, ran in on a track between defendant's track and the cannery, stopped at a distance of from 75 to 100 feet southeast from the place where the fire originated, switched to another track, and departed. The weather was exceedingly dry, the wind high, and there was no cause suggested for the fire, except that it started from the sparks from one or the other of these locomotives. From the testimony we have no doubt that it did so originate, and the principal contention of the defendant upon the trial seems to have been that the circumstances tended largely to indicate that the fire started from sparks from the locomotive of the Portage road, instead of from its own.

Under these circumstances, the direction of the wind, the condition and equipment of the locomotives, and the

comparative liability of coal-burning and wood-burning locomotives to emit sparks became the principal subjects to which the testimony was directed. On behalf of plaintiff, witnesses were introduced, who testified substantially that the wind blew directly from where defendant's locomotive stood toward the buildings where the fire originated, and this testimony was somewhat strengthened by the circumstance that the buildings to the northwest of the cannery building were burned, while those to the west and southwest were not destroyed. There is also testimony tending to show that sparks emitted from burning coal would retain their vitality longer than sparks from wood; that defendant's train was somewhat difficult to start; that the wheels spun around on the track; and that a hard start of this character would require a greater exhaust, and probably tend to emit more sparks than if the start were easy. Defendant's witnesses claimed that the wind was practically from the east, and that the spark arrester of the Portage Railway locomotive was in bad repair and unsuitable for the purpose; and it was contended that, considering the closer proximity of this engine to the place where the fire originated, it was more probable that it was the efficient cause, or at least that the testimony left the matter in such a condition that the origin of the fire was a mere matter of conjecture and speculation.

Upon a careful consideration of the whole testimony, we do not coincide with defendant's contention. We are of the opinion that there was testimony upon which a reasonable man might well have come to the conclusion that it was more probable that the fire originated from sparks from defendant's locomotive than from the locomotive of the Portage Railway, and that it was much more probable that it originated in that manner than from any other cause. It is true that the testimony was contradictory in some particulars, but every court in this State is

required to instruct the jury that it "is the judge of the credibility of the witnesses and the value and effect of the evidence," and it was for the jury to say what part of the evidence produced conviction in their minds.

1. It is contended that the court erred in permitting evidence of the throwing of sparks by other engines of defendant, but the admission of testimony of this character has been sanctioned by other decisions of this court, and the law upon that subject may be considered as settled in this State: *Koontz* v. *O. R. & N. Co.*, 20 Or. 3 (23 Pac. 820) ; *Hawley* v. *Sumpter Ry. Co.*, 49 Or. 509 (90 Pac. 1106 : 12 L. R. A. (N. S.) 526). It is often difficult for a plaintiff to show which one of several locomotives caused a fire, although it may be certain that some one of them did so. It is in evidence here that other locomotives of defendant, passed within a short time before the fire, and, while plaintiff may have felt that it was most probable that the one going west was the source of the conflagration, he could not be absolutely certain until the facts were ʾdeveloped on the trial. The scattering of sparks generally by other locomotives was also admissible to show the general care exercised by defendant in the management and equipment of its locomotives. Plaintiff could not know beforehand the particular name, number, and type of the locomotive used on a particular train on a particular day. Railways usually have some uniformity in equipment and management, and if a particular engine differs from the usual type it is easy to point this out by testimony.

2, 3. It is also claimed that, even admitting that the fire was kindled by sparks from defendant's locomotive, the testimony introduced by defendant, as to the inspection and good condition of its locomotive and spark-arresting apparatus, was sufficient to rebut the *prima facie* case of negligence made by plaintiff, and to require the

court to direct a verdict. Where the evidence as to inspection and good condition is not conclusive, and it seldom is, the jury is the proper tribunal to judge of its sufficiency. As was said in *Chenoweth* v. *Southern Pac. Co.*, 53 Or. 111, 117 (99 Pac. 86, 88) :

"A jury is not necessarily bound to accept as conclusive the statement of a witness that an engine was in good order, or carefully and skillfully operated, although there is no direct evidence contradicting the statement."

This is especially the case when the statements come exclusively from the servants of the defendant, and where as in this case, the netting of the stack was not produced for the inspection of the jury, and where defendant's report, from September 10th to the 21st, indicates that the locomotive was not sent out, or if sent out was not inspected; and further shows that on September 30th a secondhand diamond stack with new netting replaced the one in use on September 10th.

4. It is not enough that the evidence offered by defendant should rebut the *prima facie* case made against it, to the extent of showing that the appliances were in good condition and suitable, but it should also rebut the presumption of want of care in the use of these; and defendant's evidence falls short of this, or, at least, a reasonable and fair juror might conclude that it did not come up to the required standard in that respect. The weather was very dry and the wind high, and, as plaintiff's witnesses contend, was blowing directly from the defendant's engine toward plaintiff's buildings. A jury might well conclude that under such circumstances it was the duty of the defendant's servants to observe such surroundings, and to use greater care to avoid a sudden and rapid exhaust and consequent increase of sparks, than would be necessary under different circumstances. It must be

admitted that the case is not one entirely free from diffi-
culty; but we do not believe that the court committed
error in any of the respects claimed by defendant.

The judgment will be affirmed.          AFFIRMED.