### 9383. GEORGIA COAST AND PIEDMONT RAILROAD COMPANY *v.* SMITH.

1. The excerpts from the charge of the court complained of were not, when considered with the remainder of the charge, erroneous for any reason assigned.
2. There was some evidence authorizing the jury to find that the killing of the mule was due to the negligence of the railroad employees in running the train; and, the trial judge having approved the verdict, this court will not interfere.

DECIDED MAY 15, 1918.

Action for damages; from Liberty superior court—Judge Sheppard. September 29, 1917.

Bert Smith sued the Georgia Coast and Piedmont Railroad Company for damages on account of the killing of his mule by a train of the defendant. The jury trying the case found for the plaintiff.

The railroad company excepts to the overruling of its motion for a new trial, based upon the general grounds and grounds which were merely amplifications of those grounds, and upon special grounds alleging error in the following excerpts from the charge of the court:. (a) "Of course, when the railroad company makes that appear [referring to its using all ordinary and reasonable care and diligence to avoid the injury], why then that presumption is removed, and the burden will again be shifted to the shoulders of the plaintiff to make it appear that the railroad company was negligent in the manner and form alleged in the petition." (b) "If they were negligent in not stopping, and the evidence disclosed that some defective machinery about the engine or cars preventd the train from being stopped, that would be the same thing as if it had been alleged." (c) "Then see whether or not that presumption raised against the company has been rebutted by any of the testimony introduced for the plaintiff or the defendant, and if it does, then look further to the evidence and see whether the evidence discloses, by a preponderance of the evidence, that the defendant was negligent as charged in this petition. If the evidence discloses that fact, why then, even though the presumption of negligence cast by the mere fact of the injury may have been overcome, the plaintiff would be entitled to recover, if you find evidence showing that the defendant was negligent as alleged in the petition."

*Collins & Stanfield,* for plaintiff in error.

*Way & Burkhalter,* contra.

HARWELL, J. (After stating the foregoing facts.) Where stock is killed by the running of the cars of a railroad company, and there is some evidence other than the presumption against the company, authorizing the jury to find that the employees in charge of the train were negligent and that the killing was the result of that negligence, a verdict against the railroad company should not be disturbed. Negligence, like any other fact, may be established by circumstantial evidence as well as by direct evidence. In *Southern Railway Co.* v. *Carter,* 139 *Ga.* 237 (77 S. E. 21), Mr. Justice Beck said: "In passing upon the question as to whether or not the presumption of negligence which arose upon proof of the killing of the stock in the operation of the defendant's train had been overcome, the jury had the right to consider all

the circumstances proved in the case, as well as the direct testimony given by the witnesses for the plaintiff and the defendant. Whether the killing of the stock was the result of a failure to exercise due care and diligence or not was one for the jury; and there being some evidence to support their finding contrary to the contention of the defendant, this court should not disturb it on the ground that the verdict is contrary to the evidence." In *Central of Ga. Ry. Co.* v. *Dozier,* 117 *Ga.* 793 (45 S. E. 67), it was said: "In a suit for damages for killing stock the plaintiff offered no eye-witness to the transaction. While weak and unsatisfactory, the testimony as to the tracks of the animal and other physical facts was sufficient, when aided by the presumption of negligence, to warrant a verdict in favor of the plaintiff, notwithstanding the evidence of the engineer and fireman tended to show the exercise of ordinary care and diligence." See also *Central of Ga. Ry. Co.* v. *Harden,* 113 *Ga.* 455 (38 S. E. 949), s. c. 114 *Ga.* 548 (40 S. E. 738). In the *Harden* case a mule was killed, and the employees in charge of the train testified that they did all that they could to prevent the killing. There was, however, some evidence of tracks showing that the mule had run down the railroad, and the Supreme Court finally upheld the verdict against the railroad company, the court stating that there was some evidence to sustain the jury's finding. Compare also the following cases: *Southern Ry. Co.* v. *Lang,* 11 *Ga. App.* 8 (74 S. E. 443); *Atlantic Coast Line R. Co.* v. *Strickland,* 125 *Ga.* 352 (54 S. E. 168); *Southern Ry. Co.* v. *Patton,* 10 *Ga. App.* 678 (73 S. E. 1075); *Ga. So. & Fla. Ry. Co.* v. *Tyson,* 11 *Ga. App.* 233 (74 S. E. 1098); *Atlantic Coast Line Railroad Co.* v. *Chastain,* 15 *Ga. App.* 707 (84 S. E. 167); *Central of Ga. Ry. Co.* v. *Trammell,* 114 *Ga.* 312 (4) (40 S. E. 259). "It was for the jury to determine whether the explanation offered in behalf of the defendant completely rebutted the presumption of negligence created by the killing . . ; and they might legitimately have concluded that the explanation of the killing was insufficient; the credibility of the witnesses as well as the question of negligence being exclusively for them." *Atlantic Coast Line Railroad Co.* v. *Chastain,* supra.

In the instant case the plaintiff's right to recover did not rest solely upon the statutory presumption of negligence, but there was direct evidence as well as circumstantial, as shown by the record,

which, in our opinion, authorized the finding of the jury that the employees in charge of the train were negligent, and that the killing could have been prevented by the use of proper diligence, notwithstanding the testimony of the engineer and the fireman that they did all they could to prevent it. The evidence was sufficient to authorize the verdict, which was approved by the trial judge, and, no error of law appearing, this court will not interfere. The headnotes dealing with the special grounds of the motion need no elaboration.

*Judgment affirmed. Bloodworth, J., concurs.*

BROYLES, P. J., dissenting. In my opinion the evidence for the plaintiff, beyond showing that his mule was injured by the running of a train of the defendant (and thus raising the statutory presumption of negligence against the defendant), was without any probative value whatever. The undisputed evidence of the engineer, and the other employees of the defendant, upon the train which struck the mule, completely rebutted this presumption of negligence, and the recovery for the plaintiff was unauthorized. I think the court erred in overruling the motion for a new trial. *Georgia Railroad & Banking Co.* v. *Wall,* 80 *Ga.* 202 (7 S. E. 639); *Atlanta & Charlotte Air-Line Ry. Co.* v. *Gravitt,* 93 *Ga.* 369 (7) (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145); *Georgia Southern & Florida Railroad Co.* v. *Sanders,* 111 *Ga.* 128 (36 S. E. 458); *Macon & Birmingham Railroad Co.* v. *Revis,* 119 *Ga.* 332 (46 S. E. 418); *Atlantic Coast Line Railroad Co.* v. *Whitaker,* 10 *Ga. App.* 207 (73 S. E. 34); *Atlantic Coast Line Railroad Co.* v. *Cox,* 11 *Ga. App.* 384 (75 S. E. 268); *Whiddon* v. *Atlantic Coast Line R. Co.,* 21 *Ga. App.* 377 (94 S. E. 617).