# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## MARCH TERM, 1925

---

### 15971. ATLANTIC COAST LINE RAILROAD COMPANY
### v. COOK.

The evidence authorized a finding that the railroad company was negligent in killing the plaintiff's horse.

The speed limit of seven miles an hour for trains, prescribed by the city ordinance in question, was not unreasonable, under the evidence as to density of population and the custom of people to walk on the railroad-track in the particular locality.

It appearing that before argument the trial judge called counsel for both parties to the judge's stand and told them that he was going to eliminate from his charge to the jury all reference to the city ordinances referred to in the pleadings, and it not appearing that objection to this was then made by counsel, or that there was a request for specific instructions on the subject, the omission of such instructions was not error.

The charge on the question as to ordinary care on the part of the railroad company, when considered with the remainder of the charge, sufficiently covered the company's contention on the subject, there being no written request for more specific instructions.

DECIDED MAY 14, 1925.

Action for damages; from city court of Camilla—Judge Burson. September 20, 1924.

*Gardner & Gardner, Pope & Bennet,* for plaintiff in error.
*E. M. Davis,* contra.

BLOODWORTH, J. 1. This was a suit against the Atlantic Coast Line Railroad Company for damages on account of the killing of a horse. The defendant admitted a prima facie case and failed to successfully rebut the presumption in law that arose against it. There was evidence to show that the track was straight for about a half mile ahead of the point where the plaintiff's horse was killed; that the headlights of the defendant's engine were in good order; that the horse ran before the engine for from 100 to 450 feet before being struck and killed; that the engineer saw, or in the exercise of ordinary care could have seen, the horse; that the brakes of the engine were in good order; that the engineer could have stopped the train within 30 feet, and that he did not stop at all. The engineer himself testified that he saw the horses (plaintiff's and others), and that he ran his engine behind the horses for about 100 feet; that he could have stopped in 30 feet, and that he did not stop at all. This, besides the other evidence in the case, was sufficient evidence to authorize the jury to find that the defendant was negligent in the killing of the plaintiff's horse, and that the killing could have been avoided by the exercise of ordinary care on the part of the defendant. *Southern Ry. Co.* v. *Carter,* 139 *Ga.* 237 (77 S. E. 21); *Atlantic Coast Line R. Co.* v. *Chastain,* 15 *Ga. App.* 707 (84 S. E. 167); *Ga. Coast & Piedmont R. Co.* v. *Smith,* 22 *Ga. App.* 332 (95 S. E. 1017), and cases cited.

2. Special ground 9 of the motion for a new trial sets up, that, the plaintiff having alleged that the defendant was negligent in running its train from twenty to twenty-five miles an hour within the corporate limits of the town when there was a city ordinance limiting the speed of trains to seven miles an hour, and the defendant having attacked the validity of the ordinance as being unreasonable and an interference with interstate commerce, the trial judge erred in failing to charge the jury, in substance, that if the said allegations attacking the validity of the ordinance were established by evidence, the ordinance would be void and should be disregarded by the jury, and the operation of the train at a greater rate of speed than seven miles per hour could not be considered negligence per se. The reasonableness or unreasonableness of an ordinance of this nature depends upon the particular facts and circumstances surrounding it. In this case there was evidence to show considerable population in the city where the ordinance ob-

tained and in the vicinity of the railroad-track, and that there was a path that led out to the railroad-track from a church, and other evidence from which the court could conclude that the density of the population and the custom of the people to walk on the railroad-track would justify the speed limit in question. There was also evidence to show that the towns on this particular "run" of the railroad had a speed limit for trains, varying from six to ten miles an hour. From the evidence the court could easily have concluded that the ordinance was reasonable; and, under decisions of this court and of the Supreme Court, the ordinance was valid. *N., C. & St. L. Ry.* v. *Peavler,* 134 *Ga.* 618 (3) (68 S. E. 432). But regardless of this, the court did not err in failing to charge as alleged, because a note of the trial judge attached to this ground of the motion shows that "the court called counsel for both parties to the judge's stand before argument was begun and told them that he was going to eliminate in his charge all reference to the city ordinances plead by either plaintiff or defendant, and eliminated said issues from said case;" and the record does not show that counsel for the plaintiff in error objected to this at the time, or made any request for more specific instructions to the jury on this subject.

3. Several grounds of the motion are directed against the charge. The defendant company introduced evidence to show that the horses were about 30 feet in front of the engine when they came upon the track; and the judge charged the jury, "If you find from the evidence in this case that the plaintiff's horse came suddenly upon the defendant's track in front of said engine, and that the engineer in charge of said engine exercised all ordinary care and diligence to prevent said injury to said animal after discovering its presence upon said track, then and in that event the defendant company would not be liable to the plaintiff in any sum, and you should find in favor of the defendant;" and that "the law imposes no legal responsibility upon the defendant if it should appear from the evidence that the killing of the stock was an unavoidable accident,—that is, one in which ordinary care and diligence could not have prevented the happening of the thing that did happen." Since the defendant admitted killing the horse and seeing it run ahead of the engine before it was killed, but contended that it exercised ordinary care to prevent the injury, the

foregoing instructions, when considered in connection with the remainder of the charge, sufficiently covered the contention of the defendant in this regard; there being no written request for more specific instructions to the jury.

4. The controlling issue in this case was whether or not the railroad company was negligent in killing the plaintiff's horse, and could have avoided it by the exercise of ordinary care and diligence. There was sufficient evidence to authorize the jury to find that the company was so negligent. No reversible error is shown in any ground of the motion for a new trial.

     *Judgment affirmed.*    *Broyles, C. J., and Luke, J., concur.*