SOPHRONIA DEAN *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY
COMPANY.

## November 16, 1888.

**Railway—Fire Kindled by Engine—Evidence.**—Evidence considered as
sufficient to justify the conclusion that a fire, which started in an open
field near a railroad track, immediately after the passing of a train, was
caused by the engine.

**Same—Evidence—Presumption of Negligence.**—An expert witness for
the defendant, testifying that, with the appliances in use to prevent such
accidents, the fire could not have been so caused, unless the engine had
been out of repair, considered, in connection with the statutory presump-
tion of negligence, as justifying a verdict against the defendant, although
other evidence tended to exculpate the defendant.

Appeal by defendant from an order of the district court for Mower
county, *Farmer*, J., presiding, refusing a new trial. The action was
for the destruction of hay and grass on plaintiff's land by fire alleged
to have been caused by a locomotive of defendant.

*Kingsley & Shepherd*, for appellant.

*French & Wright*, for respondent.

DICKINSON, J. The evidence justified the conclusion that the fire
complained of was set by the defendant's locomotive No. 146. This
is a fair, if not the only reasonable, inference from the facts disclosed,
showing that the fire started in the plaintiff's open field, about 60
feet from the railroad track, and far from any building or highway,
immediately after the passing of the locomotive and train westward;
that a strong wind was blowing from the south, and the fire started
north of the track; that no persons were in the vicinity; and that
there was no apparent cause of the fire except the passing train.
There is more reason for contention upon the point as to whether
the evidence fully rebutted the statutory presumption of negligence
on the part of the defendant, so that the verdict must be regarded as
unjustified. Without commenting upon the evidence of several wit-
nesses for the defendant,—other than Anderson, to whose testimony
we will hereafter refer,—we will only say, generally, that it tended

to show that the engine was provided with the best means for preventing the escape of fire; that it was in good order; and that the engineer and firemen were competent to perform their respective duties. In brief, it may be conceded that such testimony tended to show that there was no negligence on the part of the defendant. But the defendant presented, as a witness, one Anderson, who was shown to be an expert concerning the matters in question. He was the general foreman of the mechanical department of this division of the railroad, and had been a practical locomotive engineer. He testified particularly as to the improved spark-arrester, with which this engine was provided, and the manner of its operation. Referring to this apparatus, he said: "The front end is supposed to be cleaned out at intervals of about thirty or forty miles." After speaking of the qualities of this apparatus, he expressed it as his opinion that, in the ordinary running of the engine, it is not possible for sparks to escape through this spark-arrester, "if the extension front is properly cleaned out." He further testified that fire cannot get out of the ash-pan when the engine is in motion. The following question and answer conclude his testimony: "*Question.* If a fire is set by an engine, it would necessarily have to be out of repair? *Answer.* It would have to be considerably so. It would have to be out of repair." If this testimony was worthy of credit, it would lead to the inference that the engine was out of order in some particular,—perhaps in not having been cleaned out within the last 30 or 40 miles of its course, there being no testimony upon that subject; for there is no reason to doubt the correctness of the conclusion of the jury that this engine did cause the fire in question. In view of such testimony from a qualified expert witness, presented as such on the part of the defendant, and supporting the statutory presumption of negligence, we would not be justified in setting aside the verdict of the jury, which has been approved by the trial court, unless, at least, the other evidence in the case were most complete and convincing. The case is in some respects similar to that of *Karsen* v. *Mil. & St. Paul Ry. Co.,* 29 Minn. 12, (11 N. W. Rep. 122.)

Order affirmed.