[No. 6722.  Decided July 26, 1907.]

FIREMAN'S FUND INSURANCE COMPANY, *Respondent*, v.
NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*.[1]

RAILROADS—FIRES—ACTION—EVIDENCE—SUFFICIENCY.  In an action
against a railroad company for damages from fire, which burned
standing wheat adjoining the right of way, the evidence is sufficient
to show negligence on the part of the railroad company where it ap-
pears that, in the dry season in August, it permitted much dry grass
four or five inches high to stand upon the right of way, and that the
fire originated there shortly after a train had passed, and immedi-
ately spread to the wheat field.

TRIAL—INSTRUCTIONS.  Instructions must be considered as a
whole, and are not erroneous if no confusion would then arise in the
minds of the jurors.

APPEAL—REVIEW—ESTOPPEL TO ALLEGE ERROR—RAILROADS—FIRES
—INSTRUCTIONS.  In an action for damages from a fire alleged to
have been set out through negligence in allowing combustible ma-
terial on the right of way and the use of a defective locomotive, the
defendant cannot claim reversible error in instructing the jury on
the subject of defective appliances within the issues, although the
same had been eliminated by concession at the trial, where the
appellant, over respondent's objection, had introduced much testi-
mony on the subject.

RAILROADS—FIRES—NEGLIGENCE—LIABILITY.  A railroad company
is liable for damages resulting from a fire originating from sparks
set out by passing trains on the right of way, where it failed to use
reasonable care to keep the right of way free from combustible
material, although there was no negligence in the equipment and
operation of the locomotive.

Appeal from a judgment of the superior court for Lin-
coln county, Warren, J., entered December 13, 1906, upon
the verdict of a jury rendered in favor of the plaintiff, in
an action to recover damages from fire starting on a railroad
right of way.  Affirmed.

*Edward J. Cannon*, for appellant.

*H. N. Martin* and *O. C. Moore*, for respondent.

[1]Reported in 91 Pac. 13.

HADLEY, C. J.—This action was brought to recover damages on account of the destruction by fire of standing wheat in an open field. One Nichols was the owner of the wheat, and the field adjoins the right of way of the Northern Pacific Railway Company. The complaint alleges that the fire was due to the negligence of the railway company. The suit was brought by the Fireman's Fund Insurance Company against the railway company, and said Nichols was also joined as a party plaintiff. The insurance company had, prior to the fire, issued a policy of insurance to Nichols to protect him against loss by fire in the wheat. After the fire the loss was adjusted, and the insurance company paid Nichols $322.57 on account of the loss. The insurance company, claiming that it is entitled to be reimbursed by right of subrogation, then brought this suit against the railway company. At the trial any claim in favor of Nichols was dismissed. The complaint charged negligence of the defendant in permitting a large amount of dry, combustible material to accumulate on its right of way at the point where the right of way adjoins the premises of Nichols; also that the locomotive appliances were defective, and that sparks were, by reason thereof, permitted to escape, causing the fire. Negligence was denied. The cause was tried before a jury, and a verdict was returned against the railway company for the exact sum which the plaintiff company paid Nichols on account of said loss. Judgment was entered in accordance with the verdict, and, the defendant's motion for new trial having been denied, it has appealed.

Appellant first assigns error in that judgment was entered against it and that its motion for a new trial was denied. It is argued that the evidence is insufficient to sustain the verdict. We think this contention is not well taken. The evidence showed that much dry grass, from four to five inches in height, was permitted to stand upon the right of way at the place where witnesses testified the fire started, and from which it immediately spread into the adjoining wheat field

where the damage was done. The fire occurred in August, and the testimony showed that the grass was very dry. It was also shown that the fire sprang up very soon after one of appellant's trains had passed the spot at which, it is claimed, the fire began, the spot being on the right of way near the track. We think there was sufficient evidence to sustain the verdict.

Error is urged upon the following, which was the concluding sentence of an instruction given by the court:

"If you do not find the defendant railway company, through its officers or agents, was the cause of that fire, then you should find for the defendants."

It is argued that the above in effect stated to the jury that, if the railway company started the fire, it is liable, no matter what the circumstances were or what degree of care it exercised, whereas it was required by the law to exercise only reasonable care. We think no such inference could have been drawn when the instructions given the jury were considered together, as we have frequently held they must be. They were clearly instructed that the railway company was required to exercise reasonable care. That they understood such to be the standard and test of appellant's liability we think there can be no doubt. The same comment is applicable to assignment of error No. 4, which relates to another instruction. It is also argued that some of the instructions are inconsistent, but we are satisfied that, when they were read and considered as a whole, no confusion could have arisen in the minds of the jurors.

It is next contended that the court by its instructions submitted questions to the jury which were not within the issues. It is insisted that all questions of negligence touching any defective condition of the engine and its appliances were eliminated from the case, and that the only matter of negligence left for the consideration of the jury was that relating to the accumulation of dry and combustible material upon the right of way. The matter of negligence in the use of defec-

tive appliances was squarely within the issues made by the pleadings, but appellant urges that, by concession at the trial, this subject was eliminated. The record, however, discloses that appellant was permitted to introduce much evidence upon this subject over respondent's objection, and in view of such circumstances, evidence upon the subject having been brought before the jury by appellant itself, we think it should not now be heard to urge reversible error because the court instructed upon the subject.

The following instruction, which was given by the court, is criticised by appellant:

"You are instructed that it is the duty of the railway company to exercise reasonable care to keep its right of way at all points adjoining the private property of others free from combustible materials which are liable to become ignited from passing trains. And should you believe from the evidence that the grain in question was burned because of a fire which originated on the right of way of the company through sparks escaping from a passing engine, which thereafter spread to the grain field in question, then it is immaterial whether the engine of the railway company was improperly equipped or not. And it is likewise immaterial, should you find that the fire which caused the injury escaped from the right of way of the railway company under the circumstances just stated, whether the employees in charge of the engine were skillful or careful or negligent and careless in the operation of said railway engine, and your verdict should be for the plaintiff in either case, should you find that the fire escaped from the right of way of the railway company, after having been set through sparks escaping from a passing engine."

We find no error in the quoted instruction. It is a clear and unobjectionable statement of the law applicable to the presence of combustible material upon the right of way negligently permitted to accumulate. It is in effect the same statement of the law as that contained in the following more elaborate statement of an eminent author:

"A railroad company is bound to keep its track and contiguous land clear of materials likely to be ignited from sparks

issuing from its locomotives. A neglect of these precautions will render it liable, even though its appliances were proper, and though it were guilty of no negligence in allowing the fire to escape. This is a duty which is implied in the grant of power to use locomotive engines. A franchise of this nature must be strictly construed; and it would be unreasonable to presume that, in granting the privilege to use this dangerous agent, the Legislature intended to give them the privilege of running their engines on premises surrounded and covered with combustible material. The removal of such combustible substances is quite as much a means of preventing the communication of fire from their locomotives, as is the use of inventions for preventing the escape of fire from the locomotives themselves. Decisions are numerous which affirm the liability of railroad companies for negligence in failing to perform this duty, where adjacent property is burned by reason of the neglect of it, notwithstanding it may have used due care in providing proper appliances to arrest the scattering of fire by its engines, and due care in the running of its engines so as to avoid setting fire to adjacent property. A round statement of this doctrine is that, where a railroad company sets fire to the dry grass and other combustible material which it has negligently suffered to accumulate on its right of way, and, without fault of the adjacent owner, permits such fire to escape to his lands and burn and destroy his property, it will be liable to him for the damages, whether the escape of such fire was due to its negligence or not." 2 Thompson, Negligence, § 270.

Many authorities are cited by the author in support of the above, and again, in § 2280 of the same volume, reference is made to the subject, as follows:

"It has been well reasoned that, where the railroad company negligently permitted combustible material to accumulate on its right of way, from which a fire, communicated by one of its locomotives, spread to the property of an adjoining land-owner, the question whether the fire was started through negligence in supplying the locomotive with proper appliances to prevent the spread of fire, or in keeping it in proper repair, or in operating it on the particular occasion, became immaterial. In such a case it has been held no error to exclude evidence as to what kind of a smoke-stack, fire-box, and ash-pan were in use on the defendant's locomotives."

We find no prejudicial error in the record, and the judgment is affirmed.

Root, Mount, Crow, and Fullerton, JJ., concur.