[No. 13915. Department One. July 25, 1917.]

C. J. SLATON *et al.*, *Respondents*, v. CHICAGO, MILWAUKEE &
St. PAUL RAILWAY COMPANY, *Appellant*.[1]

RAILROADS—FIRES—NEGLIGENCE—QUESTION FOR JURY. It cannot
be held as a matter of law that oil burning locomotives cannot cause
fires upon the right of way, and the question is for the jury, where
two witnesses testified to fires escaping from oil burners.

SAME—FIRES—NEGLIGENCE—EVIDENCE—ADMISSIBILITY. In an ac-
tion for a railroad fire, based upon the negligent keeping of the
right of way, evidence of other fires along the right of way at other
times is admissible as tending to show a knowledge of the condition
and negligence.

Appeal from a judgment of the superior court for Kittitas
county, Kauffman, J., entered November 3, 1916, upon the
verdict of a jury rendered in favor of the plaintiffs, in an
action for damages from fire. Affirmed.

*Geo. W. Korte* and *E. E. Wager*, for appellant.

*Hovey & Hale*, for respondents.

CHADWICK, J.—This action was brought to recover for the
burning of a barn and its contents. The barn was situate
adjacent to the right of way of the appellant company. It is
alleged that the fire started in dried grass and weeds upon
the right of way, and that the appellant carelessly and neg-
ligently permitted fire to escape from a locomotive which
passed a short time before the fire was discovered.

The latter ground was abandoned at the time of trial and
is not urged here. The case rests upon the first ground, that
is, that the company had carelessly and negligently permitted
its right of way to become covered with combustible material.

The engine from which the fire must have come, and the
jury have so found, was an oil burner. From the beginning
of the action, appellant has consistently maintained that it

[1]Reported in 166 Pac. 644.

is impossible for an oil burner to throw sparks or other heat carrying particles; and that, for this reason, the case is to be distinguished from *Abrams v. Seattle & M. R. Co.*, 27 Wash. 507, 68 Pac. 78; *Asplund v. Great Northern R. Co.*, 63 Wash. 164, 114 Pac. 1043; *Overacker v. Northern Pac. R. Co.*, 64 Wash. 491, 117 Pac. 403; *Thorgrimson v. Northern Pac. R. Co.*, 64 Wash. 500, 117 Pac. 506. In each of the cases cited, the suspected engines were coal burners, of which this court and all others have said they cannot be operated without throwing sparks in greater or less degree, and for that reason a duty is put upon railroads of keeping their right of way clear of combustible material.

We cannot hold, as a matter of law, as we are invited to do by appellant, that an oil burning engine cannot cause a fire upon a right of way. We may admit that it is most improbable, and that upon the whole record the testimony of the appellant seems to preponderate in its favor, but it was for the jury to find a preponderance. There is evidence to sustain its verdict.

It seems that it is customary, in fact necessary, to the economical operation of an oil burning locomotive, that it be "sanded" from time to time. A box of sand is carried on each engine, and as required the fireman throws a shovelful into the firebox. This is taken up by the blast and forced through the boiler tubes, clearing them of all soot and hardened particles. One witness called such particles carbon. The possibility of throwing such particles, if not coarse grains of sand or small gravel—which would of course blow out of the stack heated to an intense heat—was shown.

One witness said that he had observed sparks escaping from an oil burner (Abstract, page 28), and an engineer in the employ of the company admitted that a fire had started from his engine on another occasion, attributing it to the fact, as was afterwards ascertained, that a brick had become loosened in the firebox. Upon this state of facts, the language

of the court in *Viera v. Atchison, T. & S. F. R. Co.*, 10 Cal. App. 267, 101 Pac. 690, on page 269, is apt.

"The law does not require demonstration, or absolute certainty, because such proof is rarely possible. Moral certainty only is required. We must call in aid of the verdict all deductions which the jury could make from the facts proved. Nearly all cases are determined on the reasonable probability of the fact being as found. Human laws and institutions are not perfect, and with the most careful vigilance of the· judge, and the most conscientious discharge of their duty by twelve men duly sworn, the final result in most cases is but an approximation. In the present case it has not been demonstrated beyond doubt that the fire was caused by sparks escaping from defendant's engine, but a fire did occur, and originated on or near defendant's right of way, on which was a large quantity of dry grass; it was seen almost immediately after defendant's engine passed. Plaintiff's property was destroyed. The reasonable probability that the fire was caused by sparks from defendant's engine has been determined by the agreement of twelve men. This is one of the methods the law has provided for the settlement of questions of fact, and we cannot set aside the verdict of the jury when supported by such evidence as herein indicated. It is true that the evidence of the defendant showed that the engine was an oil burner in first-class condition. Two engineers of defendant testified that they had never known. of sparks escaping from an oil-burning engine and setting fire to grass on the road. But, as we have said, the evidence is sufficient to justify the jury in finding that the fire was caused by defendant's passing engine."

Evidence of other fires along the right of way at other times, and as it is alleged under other conditions, was admitted. This is complained of as too remote. Whether testimony tending to show ·reasonable probability is remote or direct is a question resting in the sound discretion of the court. If the case were predicated upon the negligent operation of the engine, we would be inclined to hold that the testimony was too remote, there being no showing that the former fires started from oil burning engines. But where the action is based upon the negligent keeping of the right of way, we

think it was proper to admit the testimony as tending to show knowledge of a condition and a negligent toleration of it. We find no error.

Affirmed.

ELLIS, C. J., MORRIS, and MAIN, JJ., concur.