Argued September 18, reversed and remanded October 16, 1917.

# ROUNDTREE v. MOUNT HOOD R. R. CO.*

(168 Pac. 61.)

**Appeal and Error—Harmless Error—Denial of Motion to Nonsuit—Cure by Evidence.**

1. Even if the court erred in denying a motion for a nonsuit, the error was cured, if sufficient evidence was afterwards offered.

**Trial—Directed Verdict—Evidence.**

2. If, when both parties rested, there was enough evidence to take the case to the jury, it was the court's duty to deny a motion for a directed verdict.

**Railroads—Fires—Cause—Evidence.**

3. Evidence that there was no fire before defendant's engine reached the place where the fire occurred, that smoke arose above the train, and that fire was discovered before it had passed, and that the fire could not be reasonably accounted for except on the theory that it originated from the engine, supported the inference that the fire was caused by sparks or fire emitted from the engine.

**Railroads—Fires—Cause—Circumstantial Evidence.**

4. Plaintiff suing for damages from fire alleged to have been caused by an engine was not required to prove it by direct evidence, but might avail himself of circumstantial evidence tending to show such cause.

**Railroads—Fires—Oil-burning Engine—Jury Question.**

5. It cannot be held as a matter of law that an oil-burning engine cannot cause a fire upon a right of way, and where plaintiff offers evidence to contradict defendant's evidence that such an engine could not emit sparks which would cause fire, the fact was for the jury.

**Railroads—Fires—Burden of Proof.**

6. In an action for damages from fire alleged to have been started by an engine on a right of way, plaintiff had the burden of showing that the fire was caused by fire or sparks from the engine, and otherwise could not recover.

---

*On effect of presumption from fact that fire was set by locomotive to carry question of negligence to jury, see note in 5 L. R. A. (N. S.) 99.

As to duty of owner of property adjoining a railroad right of way to protect it from fires set out by passing locomotives, see notes in 12 L. R. A. (N. S.) 526; 49 L. R. A. (N. S.) 166.

On presumption of negligence as to railroad fires, see note in 15 L. R. A. 40.                                    REPORTER.

**Railroads—Fires—Cause of Fire—Presumption.**

7. In a suit for damage from a fire alleged to have been caused by improper equipment or negligent operation of an engine, plaintiff makes a *prima facie* case by showing that the fire was caused by sparks emitted from the engine, as the law (L. O. L., § 795) supplements the evidence by the presumption of negligence.

    [As to presumption of negligence arising from communication of fire by railroad engine, see note in Ann. Cas. 1913E, 971.]

**Railroads—Fires—Combustibles on Right of Way—Liability.**

8. Where a complaint charges that a railroad was negligent in permitting combustible material to accumulate upon its right of way, it is liable on proof of such negligence, even though it has properly equipped or operated its engine.

**Railroads—Fires—Negligence—Burden of Proof.**

9. Whether the negligence relied upon is a failure to properly equip and operate an engine or the failure to keep the roadbed reasonably free from danger by fire from passing engines, plaintiff must show that the fire doing the damage was caused by sparks or fire from the engine.

**Railroads—Fires—Cause—Question for Jury.**

10. Whether fire is caused by an engine is a pure question of fact to be decided by the jury upon all the evidence.

**Appeal and Error—Review—Harmless Error—Instruction.**

11. In an action against a railroad for damages from fire, an instruction that evidence of the existence of a fire started immediately after the passing of the train created a presumption that it was caused by the engine was prejudicially erroneous, because invading the province of the jury.

**Railroads—Fires—Instruction.**

12. An instruction not conditioned upon defendant's failure to keep its right of way reasonably free from combustible material was erroneous.

From Hood River: WILLIAM L. BRADSHAW, Judge.

Action by W. H. Roundtree and others against the Mount Hood Railroad Company, a corporation, and Charles T. Early. From a verdict and judgment in favor of plaintiffs, defendants appealed. Reversed and remanded.

Department 1.    Statement by MR. JUSTICE HARRIS.

The Mount Hood Railroad Company operates a railway line between Hood River and Parkdale. The

plaintiffs own an orchard and some timber land near Holstein, a station on the railway line.   On September 4, 1915, a train consisting of an engine, nine freight-cars, a fish-car and a combination baggage and passenger coach, was proceeding from the south towards the station of Holstein and on its way to Hood River, when a fire was discovered on the right of way on the west side of the track and about one hundred yards south of Holstein.   Several persons who had been riding in the fish-car and in the passenger-coach alighted and attempted to extinguish the flames.   All efforts to quench the fire failed and it ran along the west side of the right of way to a point north of the station of Holstein, and then spread to the east side of the right of way where the fire escaped from the right of way and finally reached the plaintiffs' premises, located a short distance east of the right of way, and damaged their timber and orchard.   Approaching Holstein from the south the railroad track is on an upgrade and runs in a northeasterly direction.

The complaint charges that the company

"negligently suffered and permitted the said right of way of defendant corporation in the vicinity of said orchard and timber of plaintiffs' to become and remain littered with dry leaves, grass, twigs, pine needles and other highly combustible material"; and that "while said right of way was in such condition as aforesaid, sparks and fire from the engines and furnaces of defendant corporation" were "suffered and permitted to escape therefrom and to fall in and upon said combustible matter and to set fire thereto on and along the right of way of said defendant corporation";

and that the defendant negligently permitted the fire to escape from its right of way and spread to the premises owned by the plaintiffs.

The answer denied the accusations of negligence, and affirmatively alleged that a fire had been burning west of the right of way on land owned by persons other than the defendant; that a wind blowing from the west carried sparks from this fire and thus caused the fire which eventually caused the damage complained of. The plaintiffs had a judgment and the defendant appealed. The denial of a motion for a nonsuit when the plaintiffs closed their case in chief, the refusal to direct a verdict for the defendant and the giving of two instructions are assigned as error. The first instruction complained of by the defendant reads thus:

"I further instruct you that if you find from the evidence that combustible material was negligently allowed by the defendant to accumulate upon its right of way, and that such material was ignited soon or immediately after the passing of defendant's engine, unless it can be reasonably inferred by you, from the evidence that the fire was caused in some other manner, creates a presumption in favor of plaintiffs that it was caused by fire from defendant's passing engine, and I further charge you that this presumption remains with the plaintiffs until you are satisfied by the evidence, if such evidence there be, that the fire did not occur from the passing engine, and unless such presumption is overcome as I have stated, it will be your duty to find for the plaintiffs.

The other instruction was as follows:

"You are instructed that it is the duty of the defendant company to exercise reasonable care to keep its right of way at all points adjoining the property of others, free from combustible materials which are liable to become ignited from passing trains, and should you believe, from the evidence, that plaintiffs' property was damaged because of a fire which originated on the right of way of the railroad company through fire escaping from a passing engine, which thereafter spread to plaintiffs' premises, then it is immaterial whether the

engine of the railroad company was properly equipped or not, and it is likewise immaterial, should you find that the fire which caused the injury, escaped from the right of way of the railroad company under the circumstances just stated, whether the employees in charge of the engine of the railroad company were skillful and careful, or negligent and careless in the operation of said railroad company's engine, and your verdict should be for the plaintiffs in either case should you find that the fire escaped from the right of way of the railroad company after having been set through fire escaping from a passing engine.''

REVERSED AND REMANDED.

For appellants there was a brief over the names of *Mr. Ernest C. Smith* and *Messrs. Huntington & Wilson,* with an oral argument by *Mr. B. A. Huntington.*

For respondents there was a brief over the names of *Mr. A. J. Derby* and *Mr. Jesse Stearns,* with an oral argument by *Mr. Derby.*

MR. JUSTICE HARRIS delivered the opinion of the court.

1, 2. Evidence was offered by both the plaintiffs and the defendant after the court denied the motion of the defendant for a nonsuit; and, hence, the question for decision is whether on the whole record as made by all the evidence of all the parties there was sufficient evidence to carry the case to the jury. Even though it be assumed that the court erred in denying the motion for a nonsuit, the error was cured if sufficient evidence was afterwards offered; and if when both parties rested there was enough evidence to take the case to the jury it was the duty of the court to deny the motion for a directed verdict: *Trickey* v. *Clark,* 50 Or. 516, 519 (93 Pac. 457).

It is conceded that the track approaches Holstein from the south on an upgrade and that the engine was working hard while ascending the hill. The engineer testified that they had a train "of about eleven cars, eleven or twelve, which is about all that engine will handle over that hill into Holstein." The conductor was the first person on the train to observe the fire. He was in the fish-car and says that when he first saw the fire it was about three car-lengths ahead of him. Other persons in the fish-car and in the passenger-coach saw the fire when they came about opposite it, and some of these persons immediately alighted from the train, which was only going at the rate of about four miles an hour, and commenced to fight the fire with wet sacks that had been used for the purpose of wrapping ice in the fish-car. When first observed by these persons, who had been riding on the train, the fire covered a circular area variously estimated at from ten to thirty feet in diameter with the nearest edge from ten to twenty feet from the westerly rail. There were three witnesses who were standing in an orchard about a quarter of a mile east of the right of way. Their attention was attracted to the train by reason of the fact that the engine was laboring hard to pull the train up the hill. These three witnesses stood at a point slightly elevated above the right of way so that as the engine worked up the hill they could see the right of way between the front of the engine and the station of Holstein, and yet no one of them observed any sign of a fire until they saw smoke arising above the train and on the west side of it about one or two car-lengths back of the tender; and when the train passed the point where they noticed the smoke they saw that there was a fire and two or them ran down to the place. The engineer had sent the fireman out on

the dome of the engine to scrape sand out of the sand-box so that the sand would feed freely and enable the engineer to prevent the wheels of the hard-pulling engine from slipping on the rails. The fireman worked on the left-hand side of the engine with one hand in the sand-box and did not observe a fire on the right of way. The engineer did not see any fire in front of him when going up the hill; and indeed it was not until after he had pulled the rear of the train past the fire and into the station of Holstein that he had any information that a fire was burning on the right of way. The engineer testified that from his position on the right-hand side of the cab he could not have seen an object on the left-hand side of the right of way "ten or fifteen feet back from the track" if it had been within two hundred feet ahead of him. Although the defendant alleged in its answer that a fire west of the right of way was the original cause of the damage sustained by plaintiffs, not a word of evidence was offered tending to show that a fire had been burning to the west of the right of way. Most of the witnesses agreed that a strong wind was blowing. Some of the witnesses said that the wind was blowing from the southwest while others testified that the wind was coming from the west and across the right of way. There was evidence tending to show that dry and combustible material had been permitted to accumulate on the right of way; and that the fire burned rapidly. There was no other evidence explaining or attempting to explain or account for the origin of the fire.

3. In brief, there was evidence tending to show that there was no fire before the engine reached the place where the fire occurred; that while the train was passing smoke was seen to arise above the train and that a fire was seen to be burning before the train had

passed; and there was also evidence from which the jury could find that the fire could not reasonably be accounted for except on the theory that it originated from the engine.    This afforded sufficient evidence to support the inference that the fire was caused by sparks or fire emitted from the engine: *Richmond* v. *McNeill,* 31 Or. 342, 360, 362 (49 Pac. 879); *Hawley* v. *Sumpter Railway Co.,* 49 Or. 509, 515 (90 Pac. 1106, 12 L. R. A. (N. S.) 526); *Northwestern Mut. Fire Assn.* v. *Northern Pacific R. Co.,* 68 Wash. 292 (123 Pac. 468, Ann. Cas. 1913E, 968); *St. Louis I. M. & S. Ry. Co.* v. *Coombs,* 76 Ark. 132 (88 S. W. 595, 6 Ann. Cas. 151); *Union Pac. Ry. Co.* v. *De Busk,* 12 Colo. 294 (20 Pac. 752, 13 Am. St. Rep. 221, 3 L. R. A. 350); *New York C. & St. L. Ry. Co.* v. *Roper,* 176 Ind. 497 (96 N. E. 468, 36 L. R. A. (N. S.) 952); *Kansas City etc. R. Co.* v. *Blaker,* 68 Kan. 244 (75 Pac. 71, 1 Ann. Cas. 883, 64 L. R. A. 81); *Louisville & N. R. Co.* v. *Beeler,* 126 Ky. 328 (103 S. W. 300, 128 Am. St. Rep. 291, 15 Ann. Cas. 913, 11 L. R. A. (N. S.) 930); *Dean* v. *Chicago etc. R. Co.,* 39 Minn. 413 (40 N. W. 270, 12 Am. St. Rep. 659).

4–6. The plaintiffs were not obliged to show by direct evidence that the fire originated from the engine, but they had the right to avail themselves of circumstantial evidence tending to show that the damage complained of was caused by fire from the engine.    The trial court correctly denied the motion for a directed verdict and submitted the controversy to the jury. The defendant contends, however, that the engine used by the defendant was an oil-burner; that it had been used for several years and had never been known to cause fire; that sparks are not and cannot be emitted from an oil-burner and that an oil-burner when working perfectly, as it is claimed that this en-

gine was, could not emit sparks which would cause fire. The answer to this contention is that there was evidence contradicting the evidence offered by the defendant and it was therefore the province of the jury to decide the controverted fact. As stated in *Slaton* v. *Chicago, M. & St. P. Ry. Co.*, 97 Wash. 441 (166 Pac. 644): "We cannot hold as a matter of law, as we are invited to do by appellant, that an oil-burning engine cannot cause a fire upon a right of way." Of course, it was incumbent upon the plaintiffs to show that the fire was caused by fire or sparks from the engine and upon no theory of the complaint can a judgment for the plaintiffs be sustained unless it appears that they submitted evidence tending to show that sparks or fire from the engine caused the loss complained of.

7–11. Before examining the first instruction objected to by the defendant it will be profitable to direct attention to the complaint and to make some preliminary observations. As we read the record the plaintiffs relied for a recovery upon the charge that the defendant negligently permitted combustible material to accumulate upon the right of way; and, hence, it is not necessary to determine whether the complaint is sufficient to support a verdict predicated upon the theory that the defendant is liable either because of a failure to provide proper equipment or because of negligence in the operation of its engine. If it be assumed, however, that the complaint charges that the company: (1) Failed to provide proper equipment and was guilty of negligence in the operation of the engine, and (2) also was negligent in permitting the accumulation of dry and combustible material upon its right of way, it would be incumbent upon the plaintiffs in either event first to show that the damage was caused

by sparks or fire emitted from the engine. If a complaint charges that a railroad company was negligent in procuring improper equipment or operated its engine in a negligent manner, then the plaintiff makes a *prima facie* case when he offers evidence to establish the fact that the fire was caused by sparks emitted from the engine, for the law supplements the evidence of the fact that the fire was caused by the engine by the presumption that the company was negligent in the particular mentioned in the complaint: *Koontz* v. *Oregon Ry. & N. Co.,* 20 Or. 3 (23 Pac. 820); *Chenoweth* v. *Southern Pac. Co.,* 53 Or. 111, 114 (99 Pac. 86); *Anderson* v. *Oregon Railroad Co.,* 45 Or. 211, 220 (77 Pac. 119); *Taffe* v. *Oregon R. & Nav. Co.,* 60 Or. 177 (117 Pac. 989); *La Salle* v. *Central R. R. of Oregon,* 73 Or. 203, 210 (144 Pac. 414). This presumption is one of the two kinds of indirect evidence: Section 793, L. O. L.; and it is defined as "a deduction which the law expressly directs to be made from particular facts": Section 795, L. O. L. From the fact that a fire is caused by sparks emitted from an engine the law directs the deduction that the engine was improperly equipped or that it was negligently operated, if such is the fault charged in the complaint; but if it is ultimately found that the company performed its full duty in equipping, maintaining and operating its engine it would not be liable in damages even though a loss is sustained by reason of fire started from the engine, if the only charge of negligence was found in the allegation that the engine was negligently equipped, maintained and operated. Where the complaint, as here, alleges that the company was negligent in permitting combustible material to accumulate upon the right of way then the company is liable upon proof of such negligence even though it has not been

negligent in equipping or maintaining or operating its engine: *Richmond* v. *McNeill,* 31 Or. 342, 358 (49 Pac. 879); *Hawley* v. *Sumpter Railway Co.,* 49 Or. 509, 514 (90 Pac. 1106, 12 L. R. A. (N. S.) 526); *Hardy* v. *Hines Bros. Lumber Co.,* 160 N. C. 113 (75 S. E. 855, 42 L. R. A. (N. S.) 759); *Fireman's Fund Ins. Co.* v. *Northern Pac. Ry. Co.,* 46 Wash. 635 (91 Pac. 13); 11 R. C. L. p. 968.    Whether the negligence relied upon is the failure properly to equip, maintain and operate the engine or the failure to keep the road-bed reasonably free from danger by fire from passing engines, the complaining party must show that the fire doing damage was caused by sparks or fire coming from the engine.    The question of whether or not a fire is caused by an engine is a pure question of fact to be decided by the jury upon all the evidence.    An inference is one of the two kinds of indirect evidence: Section 793, L. O. L.; and is defined as "a deduction which the reason of the jury makes from the facts proved without an express direction of law to that effect": Section 794, L. O. L.    The reason of the jury may make the deduction and therefore draw the inference that a fire is caused by a recently passing engine but the law does not direct the deduction, or presumption, that the fire was so caused.    It may be that the presumption which in certain cases follows from proof of the fact that a fire was caused by an engine led the court to give the instruction in question. A reading of the various adjudications dealing with the subject will disclose that appellate courts have not always been discriminating in the use of the words "presumption" and "inference."    However, it was prejudicial error to tell the jury that the evidence of the existence of a fire started immediately after the passing of the engine created a presumption that the

fire was caused by the engine. The question of the cause of the fire was a pure question of fact and when the trial judge told the jury that the evidence created a presumption that the fire was caused by the passing engine he invaded the province of the jury. The evidence submitted to the jury was enough to support the inference that the engine caused the fire if the reason of the jury made the deduction; but it was the exclusive right of the jurors to determine whether their minds made the deduction.

12. The other instruction complained of by defendant is not conditioned upon the failure of the company to perform its duty in keeping the right of way reasonably clean. If the company was not negligent in permitting the accumulation of combustible material and was not negligent in equipping or maintaining or operating its engine it was not liable at all. It is not necessary to determine whether on the whole charge the jurors were not misled by the second instruction but it is sufficient to say that the second instruction should not be given upon a retrial unless the liability of the company is conditioned upon a failure to perform its duty with reference to the right of way. The judgment is reversed and the cause is remanded for a new trial.               REVERSED AND REMANDED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE BURNETT concur.