# TENNESSEE CENT. RY. CO. v. McCOWAN et ux.—
## 188 S. W. (2d) 931.

Middle Section. February 24, 1945.

Petition for Certiorari denied by Supreme Court, June 9, 1945.

Armistead, Waller, Davis & Lansden, of Nashville, H. H. Clark, of Cookeville, and Roberts & Roberts, of Nashville, for plaintiff in error.

John W. Gill, of Monterey, and E. A. Langford and A. B. McKay, both of Cookeville, for defendants in error.

HICKERSON, J. W. N. McCowan and wife, Rosetta McCowan, brought this suit against Tennessee Central Railway Company and alleged as their cause of action that defendant permitted combustible materials to accumulate on its right-of-way and near its track which runs through Putnam County, Tennessee, and that these

inflammable materials were negligently set on fire by sparks of fire which escaped from defendant's train; this fire spread over plaintiffs' lands and destroyed growing timber, fences and fertilizing materials on these lands; and plaintiffs were greatly damaged thereby.

Defendant pleaded the general issue.

The jury returned a verdict in favor of plaintiffs for $500 and judgment was entered thereon. Defendant appealed in error to this court.

There is only one question before this court: Was there any material evidence to support the verdict of the jury and the judgment of the circuit court; or, stated differently, should defendant's motion for directed verdict have been sustained?

██ Upon the consideration of a motion made by defendant for directed verdict "plaintiff is entitled to all legitimate inferences of fact favorable to him which may be reasonably drawn from the evidence tending to support the cause of action stated in his declaration," Prudential Ins. Co. v. Davis, 18 Tenn. App. 413, 429, 78 S. W. (2d) 358, 368; and "the trial judge should take the most favorable view of the evidence supporting the rights asserted by the party against whom the motion is made, and discard all countervailing evidence," Wildman Mfg. Co. v. Davenport Hosiery Mills, 147 Tenn. 551, 249 S. W. 984, 985.

██ Facts may be proved by circumstances in civil cases where the circumstances are such as usually attend the fact to be proved, and tend to exclude contrary hypotheses. It is not necessary for such circumstances to exclude all other hypotheses. It is sufficient if one theory is more probable than other theories from the circumstances proved; and it is a question for the jury to

decide which theory or hypothesis is the more probable. The question is determined upon a preponderance of the evidence which is submitted by proving the circumstances. Knights of Pythias v. Steele, 107 Tenn. 1, 63 S. W. 1126; Marquet v. Ætna Ins. Co., 128 Tenn. 213, 159 S. W. 733, L. R. A. 1915B, 749, Ann. Cas. 1915B, 677; Gulf Refining Co. et al. v. Frazier, 19 Tenn. App. 76, 83 S. W. (2d) 285; Nashville Railway & Light Co. v. Harrison, 5 Tenn. App. 22, 34-36.

 There is material evidence to support the following facts in this case: Plaintiffs owned the land in question. Defendant operated a railroad through this section. Weeds, grass and bushes were cut by defendant on this right-of-way and left where they were cut. One witness described this inflammable material as "hay grass, sage grass." A freight train operated by defendant passed by the place where this fire was started at 1:50 o'clock on the afternoon of May 3, 1943. There were fourteen freight cars in the train. The conductor was riding in the caboose, which was attached to the rear of the train. The wind was high, and the materials along the right-of-way were dry. There was no fire before the train passed at this place. As the caboose passed the place where plaintiff says the fire originated the conductor saw the fire which he described as "about as big as a bushel basket, little bit of fire in the grass." Two witnesses were watching the train. They testified they saw no fire before the train passed, but did see the fire as soon as the train passed. The smoke from the engine was very heavy. The fire started right by the side of the railroad track. This fire, which originated at this point, was the fire that subsequently burned over plaintiff's land. No question is made about the amount of the damage. Being

in day time, no one saw sparks coming from the engine. There is no explanation of the origin of this fire, except that it was started by this train.

As we view this case, the facts and circumstances which were proved usually attend the fact to be proved: that the sparks from this train set this grass on fire; and we think they tend to exclude all contrary hypotheses.

Without an extended analysis of cases dealing with the particular question involved here—whether the sparks from defendant's train set fire to the grass—we hold that plaintiffs were entitled to go to the jury on this question and that the trial judge correctly so held. Carolina, C. & O. R. Co. v. Unaka Springs Lumber Co., 130 Tenn. 354, 170 S. W. 591; Harriman & Northeastern R. Co. v. Mc-Cartt, 15 Tenn. App. 109; Briggs v. Clawson Bros., 8 Tenn. App. 251; 22 Am. Jur., 653, Fires, sec. 87; Dean v. Chicago, etc., R. Co., 39 Minn. 413, 40 N. W. 270, 12 Am. St. Rep. 659; St. Louis, etc., R. Co. v. Coombs, 76 Ark. 132, 88 S W. 595, 6 Ann. Cas. 151; Babcock v. Canadian Northern R. Co., 117 Minn. 434, 136 N. W. 275, Ann. Cas. 1913D, 924; Kansas City, Ft. S. & M. R. Co. v. B. M. Blaker & Co., 68 Kan. 244, 75 P. 71, 64 L. R. A. 81; New York, C. & St. L. R. Co. v. Roper, 176 Ind. 497, 96 N. E. 468, 36 L. R. A. (N. S.) 952.

Since the plaintiffs introduced evidence sufficient to take the case to the jury on the question whether sparks from the train caused the fire, and the jury having resolved that question in favor of plaintiffs, a prima facie case of negligence was made out; and the burden shifted to defendant to show that it was free from negligence in the operation of its train. It failed to carry that burden because it offered no evidence on that subject. Burke v. Louisville & N. R. Co., 54 Tenn. 451, 461,

19 Am. Rep. 618; Carolina, C. & O. R. Co. v. Unaka Springs Lumber Company, 130 Tenn. 354, 170 S. W. 591; Harriman & Northeastern R. Co. v. McCart, 15 Tenn. App. 109.

We have carefully read and considered the decisions cited by able counsel for the Railroad Company in support of its contentions in this cause; but we have no doubt that the trial court reached a correct conclusion. The case should have gone to the jury.

Let the assignments of error be overruled and the judgment of the trial court affirmed with costs.

Felts and Howell, JJ., concur.