**Thelma NEFF, Plaintiff-Appellant,**

v.

**SOUTHEASTERN SALVAGE COMPANY and 2nds In Building Material, Inc., Defendants-Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Jan. 9, 1985.

Permission to Appeal Denied by Supreme Court May 1, 1985.

**312**

Harry Berke, with Berke, Berke & Berke, Chattanooga, for plaintiff-appellant.

Kenneth R. Starr, with Luther, Anderson, Cleary & Ruth, Chattanooga, for defendants-appellees.

## OPINION

SANDERS, Judge.

The Plaintiff has appealed from a jury verdict in favor of the Defendants in her personal injury case.

The Defendant-Appellee, Southeastern Salvage Co., d/b/a 2nds in Building Material, Inc., is engaged in the retail sale of building materials in Chattanooga. The Plaintiff-Appellant, Thelma Neff, went to the Defendant's store to purchase some floor covering and, while stepping down a single step from one level of the floor to a lower level, fell and received personal injuries. She filed suit against the Defendant alleging that she stepped on some loose building materials, causing her to fall. She also alleged that the step was higher than permitted by city ordinance and no handrail was maintained on the step as required by city ordinance.

The Defendant, for answer, denied there were any loose building materials on the step or that it was in violation of the city ordinance.

The case was tried before a jury and in his charge to the jury the court charged them that since the Plaintiff had failed to show the Defendant had either actual or constructive notice of any loose objects on the floor, they must find for the Defendant on that issue.

The jury returned a verdict in favor of the Defendant. Plaintiff's motion for a new trial was overruled and she has appealed.

As issues for review on appeal, the Appellant has presented four portions of the court's charge which she says were in error. Each portion of the court's charge complained of pertains to the court's instructing the jury they must find for the Defendant on the issue relating to the Plaintiff's falling as a result of stepping on a loose object on the step. The Appellant states in her brief that she does not rely upon the height of the step or the absence of a handrail as a basis for recovery.

We therefore conclude that the proper issue for determination is whether or not the court properly directed a verdict in favor of the Defendant.

■ Before directing a verdict, it is the duty of the trial court to examine the entire record to determine if there is any evidence to support a verdict and, in so doing, to consider only the facts proved in support of the party against whom such motion is made. The court shall draw all reasonable inferences from the supporting proof and disregard all countervailing evidence and, after doing this, if there is any competent evidence about which the minds of reasonable men could disagree, it is the duty of the trial court to overrule such motion.

On appeal to this court, we are governed by the same rule in passing upon the judgment of the trial court. *D.M. Rose & Co. v. Snyder*, 185 Tenn. 499, 206 S.W.2d 897 (1947); *Lowe v. Irvin*, 52 Tenn.App. 356, 373 S.W.2d 623 (1963); *Perry v. United States Fidelity & Guaranty Co.*, 49 Tenn. App. 662, 359 S.W.2d 1 (1962); *Monday v. Millsaps*, 37 Tenn.App. 371, 264 S.W.2d 6 (1953); *McMahan v. Tucker*, 31 Tenn.App. 429, 216 S.W.2d 356 (1948); *Tennessee Central Railway Co. v. McCowan*, 28 Tenn.App. 225, 188 S.W.2d 931 (1945); and *Colonial Baking Co. v. Acquino*, 20 Tenn. App. 695, 103 S.W.2d 613 (1936).

We have considered the evidence in light of the rule set out above and find the court was entirely correct in directing a verdict.

There is no dispute as to the material evidence in the case. The main shopping floor of the Defendant's premises is on two levels, with one step down from the higher level to the lower level. The Plaintiff had been a regular customer of the Defendant's since about 1970. On the day of the accident, she had entered the store on the upper level. She examined some vinyl floor covering but then proceeded to the lower level to talk with Mrs. Hazel Garner, one of the Defendant's sales ladies, to ask her to assist in making a selection. The record is a little confusing as to all of the Plaintiff's movements from that point until the accident but it appears that both the Plaintiff and Mrs. Garner went from the lower level up to the floor covering on the upper level and returned to Mrs. Garner's desk on the lower level where the Plaintiff wrote a check for the material. After that the Plaintiff returned to the upper level to do further shopping and as she started to return to the lower level she fell on the step. The Plaintiff testified that as she stepped down something that felt like a piece of "molding" rolled under her foot, causing her to lose her footing and fall. She never did see what she stepped on, either before or after her fall. Apparently, no one in the store saw the Plaintiff fall nor did anyone ever see the object which the Plaintiff stepped on. Mrs. Garner testified that she had returned to her desk and was working on the papers in connection with the Plaintiff's purchase when she saw some people gathered around the Plaintiff after she had fallen. This occurred some three to five minutes after Mrs. Garner had descended the step and returned to her desk. Mrs. Garner also testified that she saw no loose materials on the step prior to or after the Plaintiff's fall. There were other customers in the store at the time but Mrs. Garner did not see any of them on the step between her return to her desk and the Plaintiff's fall.

In the case of *Jones v. Zayre, Inc.*, 600 S.W.2d 730 (Tenn.App.1980) this court affirmed the trial court in directing a verdict where the circumstances were similar to the case at bar. In doing so, it was said:

"Before an owner or operator of premises can be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, it must have (1) been created by the owner or operator or his agent or, (2) if the condition was created by someone other than the owner or operator or his agent, there must be actual or constructive notice on the part of the owner or operator that the condition existed prior to the accident. *Gargaro v. Kroger Grocery & Baking Co.*, 22 Tenn.App. 70, 118 S.W.2d 561 (1938).

"If liability is to be predicated on constructive knowledge by the Defendant, the proof must show the dangerous or defective condition existed for such length of time that the Defendant knew, or in the exercise of ordinary care should have known, of its existence. *Allison v. Blount National Bank*, 54 Tenn.App. 359, 390 S.W.2d 716 (1965).

"The owner or operator of a place of business is not an insurer of the safety of its customers but must exercise ordinary care to maintain the premises in a reasonably safe condition. *Patterson v. Kroger Company*, 54 Tenn.App. 243, 389 S.W.2d 283 (1965)."

600 S.W.2d at 732.

Since there was no proof as to what the object was that the Plaintiff stepped on or where it came from or how long it had been there and since the Plaintiff had traversed the step at least twice immediately before the accident, without seeing any object on the step, we think the court acted properly in directing a verdict in favor of the Defendant.

The issues are found in favor of the Appellee and the judgment of the trial court is affirmed. The cost of this appeal is taxed to the Appellant.

GODDARD and FRANKS, JJ., concur.